ZINN *v.* FISCHER DISTRIBUTING COMPANY

1. JUDGMENT—RELIEF FROM JUDGMENT—COURT RULE.
   Trial court has the power to relieve a party from a final judgment for any reason justifying relief; appellate relief from the trial court's decision requires a finding that the trial court abused its discretion (GCR 1963, 528.3[6]).

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE.
   Courts are strict in setting aside default judgments regularly entered.

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—COURT RULE—PURPOSE.
   Court rule allowing a court, in its discretion, to set aside a default judgment for any reason justifying relief frees courts from the fetters of a set of specifically delineated bases for relief whenever manifest injustice or an unconscionable result flows from the default (GCR 1963, 528.3[6]).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 October 13, 1970, at Lansing. (Docket No. 8,129.) Decided October 29, 1970. Leave to appeal denied January 13, 1971. 384 Mich 796.

Complaint by Clinton Zinn and Elaine R. Zinn against Fischer Distributing Company and Raymond Wellington Fischer for automobile negligence. Default judgment for plaintiff. Motion to set aside

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 671–882.
[2, 3] 47 Am Jur 2d, Judgments § 1152 *et seq.*

default judgment denied.  Defendant appeals.  Affirmed.

*Robert A. Grimes,* for plaintiff.

*William J. Kane,* for defendants.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Quinn, P. J.  Defendants appeal from the denial of their motion to set aside a default judgment and the default on which it was based.

October 22, 1968, plaintiffs filed their complaint. Defendants were personally served with summons and a copy of the complaint on October 29, 1968. Their default was entered December 27, 1968, and default judgment was taken March 24, 1969 and filed March 26, 1969.  June 24, 1969, defendants filed a motion to set aside the default judgment and the default on which it was based.  By order dated September 3, 1969, and filed September 9, 1969, this motion was denied.

GCR 1963, 520.4 provides that, "If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528."  The facts preclude setting aside the default under GCR 1963, 520.4.

GCR 1963, 528.3(6) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for  *  *  *  any other

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

reason justifying relief from the operation of the judgment." The grant or denial of relief under this rule is discretionary. Appellate relief from the action of the trial court requires a finding by this Court that the trial court abused its discretion.

In reviewing this record to determine whether or not the trial court abused its discretion, we are mindful of the established policy that courts are strict in setting aside defaults regularly entered. *White* v. *Sadler* (1957), 350 Mich 511, 521. Although *White* does not so hold, there is an indication in the opinion that if it appeared to be unconscionable to permit the default judgment to stand, appellate relief would be granted.

In *McDonough* v. *General Motors Corporation* (1967), 6 Mich App 239, this Court found it would be unconscionable to permit the default judgment to stand and the default was set aside under GCR 1963, 528.3(6). Again in *Wendel* v. *Swanberg* (1969), 17 Mich App 235, this Court set aside a default judgment under the same rule on the basis of a record which established good cause for setting aside the default and noncompliance with the time limitation of GCR 1963, 520.4 prevented application of that rule. In *Wendel,* we adopted the following language from *McDonough, supra:*

"The thrust of GCR 1963, 528.3(6), is clearly to free courts from the fetters of a set of specifically delineated bases for relieving from default whenever manifest injustice or an unconscionable result flows from the default."

We have reviewed defendants' motion and supporting affidavit and plaintiffs' answer and supporting affidavit. We are not persuaded that "manifest injustice or an unconscionable result flows from the default." The trial court did not abuse its discre-

tion in denying the motion to set aside the default judgment and the default on which it was based.

Affirmed with costs to plaintiffs.

All concurred.