HARRISON v VMC BUILDING CORPORATION

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD CAUSE—COURT RULES.

A proceeding to set aside a default judgment is to be granted only if good cause is shown, except where the proceeding is grounded on want of jurisdiction over the defendant; good cause includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—ATTORNEY AND CLIENT—FAILURE TO FILE ANSWER—REASONABLE EXCUSE.

A defendant against whom a default judgment has been entered is bound by his attorney's failure to file an answer to the complaint, and the defendant's mere statement that for an unknown reason his attorney failed to file an answer does not meet the burden of proving a reasonable excuse for the failure.

3. JUDGMENT—DEFAULT JUDGMENT—NOTICE OF DEFAULT—COURT RULES—VACATION OF JUDGMENT.

A court rule provides that if a party against whom a default judgment is sought has appeared in the action he shall be served with written notice of the application for judgment; the notice requirement is mandatory, and a judgment which was entered without notice to a defendant who had appeared and without affidavits or proofs of the amount of damages must be vacated (GCR 1963, 520.2[2]).

Appeal from Macomb, George R. Deneweth, J. Submitted June 15, 1976, at Lansing. (Docket No. 24936.) Decided September 28, 1976.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur 2d, Judgments § 1173 *et seq.*

Complaint by Lew D. Harrison against VMC Building Corporation for damages for breach of contract and for injunctive relief. Default judgment for plaintiff. Defendant appeals from the judgment and from the denial of his motion to set aside the default. Denial of defendant's motion affirmed, but judgment vacated and cause remanded.

*Freedman & Krochmal,* for plaintiff

*Jack C. Chilingirian,* for defendant.

Before: BRONSON, P. J., and BEASLEY and D. ANDERSON, JR.,* JJ.

PER CURIAM. Plaintiff filed suit on August 15, 1974, alleging that defendant had breached a contract to sell him a house. The complaint prayed for injunctive relief and for money damages. Defendant did not answer and on November 20, 1974, default was regularly entered against defendant, notice of the entry thereof being served on defendant's counsel the same day.

On February 6, 1975, defendant substituted counsel and his new counsel filed a motion to set aside default judgment (although no judgment had then been entered) on February 7, 1975, accompanied by a proposed answer and supporting affidavits. Further pleadings and briefs were filed on February 20 and February 25, 1975, and on March 19, 1975, an order denying defendant's motion was entered.

On May 23, 1975, default judgment was entered against defendant in the amount of $24,693, apparently without any notice to defendant and without

---

* Former circuit judge, sitting on the court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

affidavit or proofs as to the amount of plaintiff's damages. Defendant again moved to set aside the default and the judgment. From the judgment and the denial of the motion to set the same aside, defendant appeals.

GCR 1963, 520.4, provides in part:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown."

Commenting on this requirement, the authors in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments, p 662, state:

"Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand."

Defendant does not allege any irregularity in filing the default.

Defendant offers no reasonable excuse for failure of his attorney to answer the complaint, stating only that "for reason unknown to the defendant his attorney, David Greenspan, failed to file an answer". Defendant is bound by his attorney's failure to plead, and has not met his burden of proving a reasonable excuse. *Okros v Myslakowski,* 67 Mich App 397; 241 NW2d 223 (1976).

At the hearing on the prayer for injunctive relief on September 30, 1974, plaintiff was granted a period of 30 days within which he could purchase the house at the original price. He did not

do so, and defendant asserts that this failure is a bar to plaintiff's recovery of damages under the original complaint, and that permitting the default and default judgment to stand thereby causes a manifest injustice.

Defendant fails to show how plaintiff's failure to avail himself of the opportunity to purchase bars his right to recover damages. At least, this is so, to the extent that it cannot be said that the trial court's denial of defendant's motion to set aside the default amounted to an abuse of discretion.

GCR 1963, 520.2(2) provides in part:

"If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application."

Default judgment was entered May 19, 1975, without notice to defendant and without affidavits or proofs as to the amount of damages. The provision in the court rule for notice is mandatory and the failure to give the required notice invalidates the judgment and requires that it be vacated.

The order denying the motion to set aside default is affirmed. The judgment is vacated and the cause remanded to the trial court for proceedings consistent with this opinion.

No costs, neither party having prevailed in full.