GLASNER v GRIFFIN

Docket No. 46430. Submitted June 12, 1980, at Lansing.—Decided December 15, 1980.

Helen G. Glasner obtained a default judgment against Dexter W. Griffin and H. Devere Cook on a promissory note bearing interest at 7-1/2% per annum. The judgment was obtained on December 8, 1977, in the Eaton Circuit Court, Hudson E. Deming, J., and bore interest at 7-1/2% from the date of filing. On December 6, 1978, defendants moved to set the judgment aside, alleging in their motion that the promissory note was usurious and asking for a new trial or that the judgment be amended to allow only the recovery of the principal. This motion was denied, as was a subsequent motion for rehearing and reconsideration. Defendants appeal. *Held:*

1. A motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown. Good cause sufficient to set aside a default judgment includes: 1) a substantial defect or irregularity in proceedings upon which the default was based; 2) a reasonable excuse for failure to comply with the requirement which created the default; and 3) some other reason showing that manifest injustice would result from permitting the default to stand. Defendants failed to show any good cause for which the judgment should be set aside.

2. A default judgment which awards interest on the judgment in excess of the statutory rate will be modified on appeal to conform to the statutory limit at the time the judgment was entered. At the time the judgment was entered, the law only authorized 6% interest on judgments.

Affirmed, but judgment modified to include only 6% interest

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 774.

46 Am Jur 2d, Judgments § 682.

[2] 46 Am Jur 2d, Judgments § 708 *et seq.*

What constitutes "good cause" allowing federal court to relieve party of his default under Rule 55(c), of Federal Rules of Civil Procedure. 29 ALR Fed 7.

[3] 47 Am Jur 2d, Judgments § 1176.

on the amount of the judgment from the date of filing of the complaint.

1. JUDGMENTS — DEFAULT JUDGMENTS — APPEAL.

A motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown.

2. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULTS — COURT RULES.

Good cause sufficient to set aside a default judgment includes: 1) a substantial defect or irregularity in proceedings upon which the default was based; 2) a reasonable excuse for failure to comply with the requirements which created the default; and 3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

3. JUDGMENTS — INTEREST ON JUDGMENTS — APPEAL — STATUTES.

A default judgment which awards interest on the judgment in excess of the statutory rate should be modified on appeal to conform to the statutory limit at the time the judgment was entered (MCL 600.6013; MSA 27A.6013).

*Smith & Maher,* for plaintiff.

*Willard L. Mikesell,* for defendants.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

T. M. BURNS, P.J. Defendants appeal as of right a May 24, 1979, lower court order denying their motion to set aside a default judgment entered in favor of plaintiff in an action by plaintiff for recovery on a promissory note. We affirm.

Under the provisions of GCR 1963, 520.4, a default judgment may be set aside by a trial judge in certain circumstances:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been

* Circuit judge, sitting on the Court of Appeals by assignment.

entered, may likewise set it aside in accordance with Rule 528 [GCR 1963, 528]. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in subrule 526.8 [GCR 1963, 526.8]. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

Plaintiff filed the instant action for recovery on a $15,000 promissory note bearing an interest rate of 7-1/2% per annum on October 17, 1977. According to its terms, the note was due and payable on February 19, 1974. Although served with a summons and complaint, defendants failed to answer or otherwise appear. On December 8, 1977, a default judgment was taken in favor of plaintiff against defendants in the amount of $21,233.96, which represented the amount of the principal due and owing at an interest rate of 7-1/2% per annum from the date of the note, February 19, 1973. The default judgment also provided for the recovery of interest at the rate of 7-1/2% per annum from the date of the judgment to its satisfaction.

Approximately one year after judgment was taken, on December 6, 1978, defendants filed a motion to set it aside. In their motion, defendants alleged that the note's interest rate of 7-1/2% per annum violated the state usury law. MCL 438.31; MSA 19.15(1). Defendants requested, in the alter-

native, either that the default judgment be set aside and they be granted a new trial, or that the interest in the judgment be stricken and that the judgment be amended to permit plaintiff to recover only the amount of the principal of the note. On January 30, 1979, the lower court issued a written opinion denying defendant's motion and on May 24, 1979, an order denying that motion was issued. Subsequently, defendants filed a motion for a rehearing and reconsideration that was denied on June 18, 1979.

A trial judge's decision not to set aside a default judgment will not be reversed on appeal absent a clear abuse of discretion. *O'Neill v O'Neill,* 65 Mich App 332, 336; 237 NW2d 315 (1975). The policy of this state is against setting aside default judgments that have been regularly entered. *Zinn v Fischer Distributing Co,* 27 Mich App 591; 183 NW2d 859 (1970), *lv den* 384 Mich 796 (1971).

"Good cause" sufficient to set aside an entry of default under the above cited court rule includes such matters as "(1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand". *Harrison v VMC Building Corp,* 71 Mich App 458, 460; 248 NW2d 584 (1976) (quoting 2 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], Comments, p 662).

We perceive no proper allegation of "good cause" in defendant's motion that would permit setting aside the default judgment. That is, defendants have not offered a "reasonable excuse" for failing to respond timely to plaintiff's complaint, nor have they shown that a manifest injustice

would result if the judgment were not set aside. Although defendants are correct in their argument that the 7-1/2% per annum interest rate on the note exceeded the 7% maximum allowable interest rate in Michigan, see MCL 438.31; MSA 19.15(1), defendants fail to cite any reason why this usury defense, which is in the nature of an affirmative defense that must be raised in a party's first responsive pleading, was not timely asserted. Further, defendants failed to comply with the prerequisites for setting aside a default judgment when they neglected to attach an affidavit of facts showing a meritorious defense to their motion to set aside the default judgment. GCR 1963, 520.4. *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590, 595; 264 NW2d 71 (1978). Under these facts then, we must affirm the lower court order denying defendants' motion to set aside the default judgment. We cannot say that the lower court's ruling in this matter was an abuse of discretion.

However, there is one aspect of the default judgment that we cannot affirm. The Michigan statute providing for interest on money judgments, MCL 600.6013; MSA 27A.6013,[1] states in pertinent part:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the

[1] MCL 600.6013; MSA 27A.6013 was amended by 1980 PA 134 (effective June 1, 1980) and now provides for assessment of interest at the rate of 12% per annum on civil judgments. However, the amendatory act was not in effect at the time that judgment was entered in this case and does not affect our result.

time the instrument was executed. In no case shall the rate exceed 7% per year after the date judgment is entered * * *."

Pursuant to the provisions of this statute, defendants' failure to raise their usury defense in their first responsive pleading cannot serve to authorize interest above the legal rate on the note from the date of plaintiff's complaint to the date that the judgment is satisfied. Therefore, that portion of the default judgment permitting interest at the rate of 7-1/2% per annum from the date that plaintiff filed her complaint to the date that the judgment is satisfied must be vacated. *Alpine Construction Co v Gilliland*, 50 Mich App 568; 213 NW2d 824 (1973). Plaintiff is entitled to recover interest computed only at the rate of 6% per annum from October 17, 1977, the date that she filed her complaint, to the date that the judgment is satisfied.

Affirmed as modified.