MIDWEST MENTAL HEALTH CLINIC, PC v BLUE CROSS & BLUE SHIELD OF MICHIGAN

Docket Nos. 60493, 61017, 61018. Submitted June 29, 1982, at Lansing.—Decided September 22, 1982. Leave to appeal applied for.

Midwest Mental Health Clinic, P.C., brought an action against Blue Cross and Blue Shield of Michigan, alleging that the defendant unlawfully and tortiously advised its subscribers that its participation contract with plaintiff was about to be terminated. Defendant failed to answer and plaintiff filed a default and, subsequently obtained a default judgment, Oakland Circuit Court, James S. Thorburn, J. A subsequent motion to set aside the default judgment was denied and defendant appealed. Defendant also appealed from various other post-judgment orders and the appeals were consolidated. Defendant alleges, *inter alia,* that the trial court erred in failing to set aside the default judgment and in not allowing defendant's counsel to participate in a hearing for the purpose of assessing damages. *Held:*

1. In order to have a default set aside a defendant must show lack of jurisdiction or demonstrate good cause and show a meritorious defense. Defendant explains its counsel's failure to answer the complaint on "the press of the circumstances"— counsel's involvement in other, unrelated, matters. This is not sufficient to constitute good cause for the failure to file an answer. The trial court properly refused to set aside the default judgment.

2. The question of liability is decided by a default; however, where further proceedings are necessary to determine damages a defendant has the right to participate. The trial court erred in denying defendant's counsel the opportunity to contest the amount of damages.

The default judgment is affirmed, but the matter is remanded for further proceedings on the issue of damages.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 682.

[2, 3] 46 Am Jur 2d, Judgments §§ 708, 740, 751, 773-776.

[4] 46 Am Jur 2d, Judgments § 724.

[5] 47 Am Jur 2d, Judgments §§ 1186, 1187.

Defaulting defendant's right to notice and hearing as to determination of amount of damages. 15 ALR3d 586.

1. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT.

A trial court's decision not to set aside a default judgment will not be reversed absent a clear abuse of discretion.

2. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT.

A defendant must show either a lack of jurisdiction or demonstrate good cause and submit an affidavit of facts showing a meritorious defense in order to have a default judgment set aside (GCR 1963, 520.4).

3. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT — GOOD CAUSE.

Good cause sufficient to set aside an entry of default includes such matters as: (1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.

4. JUDGMENTS — DEFAULT JUDGMENTS — SETTING ASIDE DEFAULT — ATTORNEY'S NEGLECT.

The neglect or omission of a defendant's attorney does not constitute adequate ground for setting aside a default judgment; defense counsel's assertion that he was involved with other matters is no excuse for the failure to file a timely answer to the plaintiff's complaint.

5. JUDGMENTS — DEFAULT JUDGMENTS — DAMAGES.

The question of a defendant's liability is decided by a default judgment, but where further proceedings are necessary to determine the amount of damages the defendant has a right to participate in those proceedings.

*Bushnell, Gage, Doctoroff & Reizen* (by *Noel A. Gage* and *Thomas A. Heller*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Theodore W. Swift* and *William K. Fahey*) and *Beier, Howlett, McConnell, Googasian & McCann* (by *Kenneth B. McConnell*), for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and
P. J. MARUTIAK,* JJ.

R. B. BURNS, P.J. Defendant, Blue Cross and
Blue Shield of Michigan (hereinafter BCBSM),
brings this appeal from the trial court's September
16, 1981, order denying defendant's motion to set
aside a default judgment entered against defen-
dant on July 20, 1981.

Plaintiff, a psychiatric out-patient clinic, filed a
complaint against defendant, dated June 2, 1981,
alleging that BCBSM unlawfully and tortiously
advised its subscribers that its participation con-
tract with plaintiff would be terminated on June 1,
1981.

On July 8, 1981, after defendant failed to an-
swer the complaint or otherwise defend within 20
days, plaintiff entered a default against BCBSM.

At a July 20, 1981, hearing on the damages,
BCBSM's counsel appeared but was not allowed to
present testimony or cross-examine any witnesses.
Following this hearing, the circuit court entered a
default judgment against BCBSM in the amount of
$446,470. Subsequent motions brought by defen-
dant for rehearing and to set aside the default
were denied.

On October 29, 1981, we granted defendant's
emergency application for leave to appeal and
motion to stay the circuit court's order.

Defendant first claims that the trial court erred
in failing to set aside the default judgment. How-
ever, a trial court's decision not to set aside a
default judgment will not be reversed absent a
clear abuse of discretion. *Glasner v Griffin,* 102
Mich App 445; 301 NW2d 889 (1980). The policy of
this state's courts is against setting aside regularly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

entered default judgments. *Griffin, supra; Zinn v Fischer Distributing Co,* 27 Mich App 591; 183 NW2d 859 (1970), *lv den* 384 Mich 796 (1971).

Under GCR 1963, 520.4, in order for defendant to have the default set aside, defendant must either show lack of jurisdiction or demonstrate good cause and submit an affidavit of facts showing a meritorious defense. In the instant case, jurisdiction is undisputed. However, defendant claims that good cause and a meritorious defense were established. We disagree.

In *Glasner v Griffin, supra,* p 448, this Court stated:

" 'Good cause' sufficient to set aside an entry of default under the above cited court rule includes such matters as '(1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand'. *Harrison v VMC Building Corp,* 71 Mich App 458, 460; 248 NW2d 584 (1976) (quoting 2 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], Comments, p 662)."

Defendant's explanation for BCBSM's counsel's failure to comply with the requirement which created the default is that "the press of the circumstances" caused him to fail to file a timely answer to plaintiff's complaint. However, "the press of the circumstances" involved only defendant's counsel's attention and preparation in a related case, matters in other circuit courts, and drafting a brief to be submitted to this Court on an unrelated matter.

As this Court stated in *Badalow v Evenson,* 62 Mich App 750, 754; 233 NW2d 708 (1975):

"That the neglect or omission of a defendant's attorney does not constitute adequate ground for setting aside a default judgment is virtually axiomatic."

Defendant's counsel's excuse is simply inadequate to excuse his failure to timely interpose an answer to plaintiff's complaint. Our statement in *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376, 380; 214 NW2d 898 (1974), is applicable here:

"As for counsel's assertion that he was involved in a trial in Detroit after his return, no citation of authority is needed for the proposition that all attorneys are pressed with busy schedules. This should not, however, excuse a failure to meet filing deadlines."

In light of the foregoing, defendant's assertion that BCBSM has a meritorious defense is immaterial, because both good cause *and* a meritorious defense must be shown before a default judgment may be set aside. GCR 1963, 520.4; *First Bank of Cadillac v Benson,* 81 Mich App 550; 265 NW2d 413 (1978); *Butler v Cann,* 62 Mich App 663; 233 NW2d 827 (1975).

Defendant's next claim is that the trial court erred in denying counsel for BCBSM his right to participate at the damages hearing. We agree. While the question of a defendant's liability is cemented by a default, a defendant has a right to participate where further proceedings are necessary to determine the amount of damages. *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573; 321 NW2d 653 (1982), see also *Haller v Walczak,* 347 Mich 292; 79 NW2d 622 (1956). Therefore, the trial court, on remand, must afford defendant the opportunity to contest the amount of damages.

For these reasons, we affirm the trial court's

order of default but reverse and remand for further proceedings on the issue of damages. Because of the foregoing disposition, we need not address defendant's other issues.

Affirmed in part, reversed in part.