DOAN CONSTRUCTION COMPANY v STOLARUK CORPORATION

Docket No. 66143. Submitted October 12, 1983, at Detroit.—Decided December 21, 1983.

Doan Construction Company filed suit against Stolaruk Corporation in Oakland Circuit Court. Plaintiff filed a notice with the trial court that it would be taking the deposition of Steve Stolaruk, president of Stolaruk Corporation. The deposition was delayed twice, once on stipulation of the parties and once at defendant's urging. Plaintiff filed a motion requesting the court to compel Mr. Stolaruk's attendance at a deposition or to grant plaintiff a default judgment against defendant. Before the motion could be heard, the parties stipulated that the court should enter such an order. The court, Hilda R. Gage, J., issued the order. In the meantime, defendant retained new counsel, who signed the order, approving it as to form. Defendant's new counsel later advised plaintiff that Mr. Stolaruk would not be able to appear at the scheduled deposition as ordered. Plaintiff alleges it told defendant that it was going to file a motion for entry of a default judgment if Mr. Stolaruk did not appear as scheduled, but that if Mr. Stolaruk appeared for deposition at any time before the motion hearing the motion would be dismissed. Defendant alleges that plaintiff agreed to a 10-day extension beyond the court ordered deadline. Stolaruk had not appeared by the court ordered date, and plaintiff filed its motion for entry of default judgment the following day. One week later, the court issued an order entering a judgment of default against defendant. Defendant filed a motion to have the judgment of default set aside, but the motion was denied. Defendant appeals. *Held:*

Defendant failed to establish a showing of good cause or a meritorious defense, both of which are necessary for setting aside a judgment of default.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments §§ 776, 780.
[2] 47 Am Jur 2d, Judgments § 1154.

1. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENT — COURT RULES.

   A motion to set aside a default judgment should be granted if good cause is shown and an affidavit of facts showing a meritorious defense is filed (GCR 1963, 520.4).

2. JUDGMENTS — DEFAULT JUDGMENTS — COURT ORDERS.

   The entering of a default judgment for failure to comply with a court order is a drastic step, but such action may be appropriate where a party wilfully fails to comply with a court order.

*Moore, Sills, Poling & Wooster, P.C.* (by *D. Douglas McGaw*), for plaintiff.

*Chirco, Donaldson, Herrinton & Runstadler* (by *Robert W. Morgan*), for defendant.

Before: MacKENZIE, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant appeals as of right, contending that the trial court abused its discretion by denying defendant's motion to set aside a default judgment entered against defendant for defendant's failure to comply with a court-ordered deposition. We find no abuse of discretion.

On April 12, 1982, plaintiff filed a notice with the trial court that it would be taking the deposition of Steve Stolaruk, defendant's president. Although the deposition was originally scheduled for April 20, 1982, the parties later agreed to adjourn the deposition until May 5, 1982.

On or about May 3, 1982, William M. Donovan, defendant's attorney, advised plaintiff's attorney that Mr. Stolaruk would not be appearing for the deposition scheduled for May 5, 1982. Thereafter, plaintiff filed a motion with the trial court requesting it to compel Mr. Stolaruk's attendance at a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

deposition or to grant plaintiff a default judgment against defendant. The motion was scheduled to be heard on May 19, 1982; however, the parties stipulated beforehand that the trial court should enter an order compelling Mr. Stolaruk's attendance for a deposition to be held on June 1, 1982, or, upon failing to appear, defendant's pleadings would be struck and a default judgment entered against defendant. On May 19, 1982, the trial court issued such an order. Before the order was issued, however, defendant and Attorney Donovan became so enmeshed in controversy that defendant retained new counsel. Defendant's new counsel signed the order, approving it as to form.

On or about May 25, 1982, defendant's newly retained counsel contacted plaintiff and advised that Mr. Stolaruk would be unable to appear at the court-ordered deposition as scheduled. There is a conflict between the parties over whether or not certain extrajudicial agreements were made regarding the rescheduling of Stolaruk's deposition a fourth time. Plaintiff claims that when it was advised that Mr. Stolaruk would not appear again, it told defendant's new counsel that it would file a motion for entry of default judgment against defendant pursuant to the trial court's order. Plaintiff claims to have told defendant that if Mr. Stolaruk appeared for a deposition any time before the hearing on the default judgment motion, it would dismiss the motion. Defendant, on the other hand, says that its newly retained counsel sought to arrange a new date for the deposition with plaintiff's counsel and that a 10-day extension beyond the June 1, 1982, court-ordered date was agreed upon. On May 25, 1982, defendant claims to have sent plaintiff's counsel a letter confirming the extension.

On June 2, 1982, plaintiff filed a motion with the trial court to enter a judgment of default against defendant for defendant's failure to comply with the court-ordered deposition. On June 9, 1982, the trial court heard oral argument from counsel, and on June 17, 1982, it issued an order granting plaintiff's request.

On July 8, 1982, defendant filed a motion with the trial court seeking to have the judgment of default set aside. A hearing on the motion was held on July 21, 1982, and, on that date, the trial court issued an order denying the motion. Defendant now appeals as of right to this Court.

The test for setting aside a judgment of default appears in GCR 1963, 520.4, which specifically requires a showing of good cause and a meritorious defense. This Court elucidated some factors which constitute "good cause" in *Glasner v Griffin,* 102 Mich App 445; 301 NW2d 889 (1980). We find that defendant failed to establish any of the requisite elements here.

Plaintiff took all of the proper steps in trying to obtain Mr. Stolaruk's deposition. Defendant's newly obtained counsel knew about and stipulated to the court-ordered deposition. Defendant had an additional nine days within which to make its president available before the hearing date of plaintiff's motion to enter a default judgment against defendant. Moreover, defendant could have asked the trial court within this nine-day period to modify its order, but failed to do so. Defendant claims that the breakdown in the attorney-client relationship made it extremely difficult to schedule the deposition by June 1, 1982. However, the trial court scheduled the deposition for defendant; therefore, if defendant had a calendar conflict, it should have apprised the trial court of the conflict

before June 9, 1982 (*i.e.,* the hearing date), to avoid the entering of a default judgment against it.

In *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701; 299 NW2d 370 (1980), *modified on other grounds* 413 Mich 573; 321 NW2d 653 (1982), this Court recognized that the entering of a default judgment against a party is a "drastic step" but it also explained that "if a party willfully, *i.e.,* intentionally, fails to comply with a court order, a default judgment may be appropriate". *Wood,* p 706. See also *Humphrey v Adams,* 69 Mich App 577, 581-582; 245 NW2d 167 (1976).

Defendant was fully aware of the consequences of its failure to comply with the trial court's order. Defendant never attempted to have that order modified although it had more than enough time to make such a request. Furthermore, the substitution of attorneys is not a valid excuse for setting aside the lower court's default judgment, especially where the newly retained counsel was fully aware of the court-ordered deposition. This substitution-of-attorneys excuse merely invites further delay on the part of the defense which is precisely why plaintiff obtained a court order to compel Mr. Stolaruk's deposition in the first place. See *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan,* 119 Mich App 671, 674-675; 326 NW2d 599 (1982) (defendant's attorney failed to timely answer plaintiff's complaint), and *Wood v DAIIE, supra,* 413 Mich 573, 580-581; 321 NW2d 653 (1982).

Affirmed. Costs to plaintiff.