*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FREDRICK WATSON,

Plaintiff-Appellee,

v

VICHATAR SINGH SAINI and BALRAM BROTHERS LOGISTICS, INC.,

Defendants-Appellants.

UNPUBLISHED
April 13, 2023

No. 361096
Wayne Circuit Court
LC No. 19-017292-NI

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendants Vichatar Singh Saini (Saini) and Balram Brothers Logistics, Inc. (Balram), appeal by leave granted[1] the trial court's order denying their motion to set aside entries of default and a default judgment (hereinafter, "defendants' motion to set aside"). We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In December 2019, plaintiff filed suit against defendants, alleging that Saini, an employee of Balram, had rear-ended a vehicle driven by plaintiff, causing injury; both Saini and plaintiff were operating Freightliner tractor/semi-trailers at the time. The accident occurred in Michigan; defendants are Canadian citizens. A proof of service filed on March 13, 2020 indicates that Balram was personally served at an address in Mississauga, Ontario on February 26, 2020, and that Saini was personally served at an address in Brampton, Ontario on March 11, 2020.

---

[1] See *Watson v Saini*, unpublished order of the Michigan Court of Appeals, entered September 23, 2022 (Docket No. 361096).

Defendants did not file an answer or otherwise respond to the complaint. The record of the subsequent proceedings in the trial court, as is reflected in the following bullet points, is—to say the least—confusing:

● On April 10, 2020, plaintiff's counsel e-filed a Proof of Service reflecting service by email (on that date) of "**Default, Request, Affidavit and Entry:** Default Request & Entry – Watson." "Watson," of course is plaintiff's name, and neither defendant is referenced in the Proof of Service. Further, the Proof of Service identified the "Person Served" as "Maurice Davis," i.e., plaintiff's own counsel.

● On May 20, 2020, a Default Request and Entry was entered in the trial court record appearing to reflect the default of Saini; the request for default bore a date of April 10, 2020, but was not signed by plaintiff's counsel. The document nonetheless appears to reflect that the court clerk entered the default on May 20, 2020, inasmuch as the space for the clerk's signature reflected the typewritten entry, "/s/ Stacey Stallworth." The Certificate of Mailing portion of the document reflected neither a date nor a signature.

● On May 22, 2020, a similar Default Request and Entry was entered in the trial court record appearing to reflect the default of Saini; this request for default bore a date of May 21, 2020, and was signed by plaintiff's counsel (by way of the typewritten entry, "/s/ Maurice Davis"). The document appears to reflect that the court clerk entered this default on May 22, 2020, inasmuch as the space for the clerk's signature again reflected the typewritten entry, "/s/ Stacey Stallworth." The Certificate of Mailing portion of the document again reflected neither a date nor a signature.

● Meanwhile, with respect to Balsam, the trial court record reflects that on May 21, 2020, plaintiff's counsel e-filed a Proof of Service reflecting service by email (on that date) of "**Default, Request, Affidavit and Entry:** notice of default Logistics." "Logistics" presumably referred to Balsam. The Proof of Service again identified the "Person Served" as "Maurice Davis," i.e., plaintiff's counsel.

● On June 12, 2020. plaintiff's counsel e-filed an identical Proof of Service reflecting service by email (on that date) of "**Default, Request, Affidavit and Entry:** notice of default Logistics." Again, the Proof of Service identified the "Person Served" as "Maurice Davis," i.e., plaintiff's counsel.

● On June 16, 2020, a Default Request and Entry was entered in the trial court record appearing to reflect the default of Balram; the request for default bore a date of June 21, 2020, and was signed by plaintiff's counsel (by way of the typewritten entry, "/s/ Maurice Davis"). The document nonetheless appears to reflect that the court clerk entered the default on June 16, 2020— a date preceding the date of the default request, and the space for the clerk's signature again reflected the typewritten entry, "/s/ Stacey Stallworth." The Certificate of Mailing portion of the document reflected neither a date nor a signature.

● On June 17, 2020, a Default Request and Entry was entered in the trial court record again appearing to reflect the default of Saini. This form was identical to the initial form filed on May 20, 2020, bearing a request date of April 10, 2020, but now bore an e-signature of plaintiff's counsel. The document continued to reflect that the court clerk entered the default on May 20,

2020, inasmuch as the space for the clerk's signature reflected the typewritten entry, "/s/ Stacey Stallworth." The Certificate of Mailing portion of the document—which previously was not completed—bore the handwritten signature of an unidentified "Linda Josephson," a handwritten date of "6/12/20," and a certification that service was made "on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3)."

● Also on June 17, 2020, plaintiff's counsel e-filed a Proof of Service reflecting service by email (on that date) of "**Default, Request, Affidavit and Entry:** Default-Proof of mailing Vichatar Singh Saini." Again, however, the Proof of Service identified the "Person Served" as "Maurice Davis," i.e., plaintiff's counsel.

● On August 6, 2020, plaintiff filed a motion for default judgment. The motion asserted that defaults were entered against Saini and Balram on May 22, 2020 and June 16, 2020, respectively, and that "Notice of default was mailed to each defendant." The Proof of Service appended to the motion did not reflect its service on any party, but merely reflected that the motion was "electronically filed . . . with the Clerk of the Court using the electronic filing system."

● Also on August 6, 2020, plaintiff's counsel e-filed a Proof of Service reflecting service by email (on that date) of "**Miscellaneous Motion, Filed – PD:** Motion for Default Judgment – Watson." Again, however, the Proof of Service identified the "Person Served" as "Maurice Davis," i.e., plaintiff's counsel.

● The trial court record does not reflect the contemporaneous filing of any signed Certificate of Mailing of the June 16, 2020 Default Request and Entry as to Balram. However, plaintiff later appended (to his June 18, 2021 brief in opposition to defendants' motion to set aside the defaults and default judgment) a copy of that form reflecting—in the Certificate of Mailing portion of the document (which previously was not completed)—the handwritten signature of the unidentified "Linda Josephson," a handwritten date of "8/6/20,"—the same date that plaintiff filed the motion for default judgment— and a certification of service "on the appropriate parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3)."

● On August 10, 2020, plaintiff filed a Notice of Hearing, scheduling plaintiff's motion for default judgment for hearing on September 4, 2020. The Certificate of Service appended to the Notice of Hearing reflected a certification by plaintiff's counsel "that the foregoing instrument was served upon all parties to the above cause by e-mail addressed to each of the attorneys of record at their respective email addresses disclosed on the pleadings, on August 10, 2020.[2]

● Also on August 10, 2020, plaintiff's counsel e-filed a Proof of Service reflecting service by email (on that date) of "**Notice of Hearing:** Notice of Hearing - Watson." Again,

---

[2] It bears repeating that the only attorney of record at that time was plaintiff's counsel.

-3-

however, the Proof of Service identified the "Person Served" as "Maurice Davis," i.e., plaintiff's counsel.

● On October 1, 2020, plaintiff's counsel filed another Notice of Hearing, scheduling plaintiff's motion for default judgment for a Zoom hearing on October 23, 2020. The Proof of Service appended to the Notice of Hearing reflected a certification by plaintiff's counsel "that the foregoing instrument was served upon all parties to the above cause by mail to their respective addresses" (and then listing defendants' respective mailing addresses in Brampton, Ontario).[3] However, this Proof of Service did not indicate the date of mailing.

The record provided to this Court does not contain a transcript for the October 23, 2020 hearing; however, the trial court stated the following in its opinion and order denying defendants' later-filed motion for reconsideration:

> On October 23, 2020, Plaintiff and his counsel were on Zoom for the hearing. Defendants did not appear. Plaintiff was having technical difficulty with Zoom, and the Court was under the impression a copy of the proof of service of the complaint was missing from its file, so, after calling the case on the record, the Court asked Plaintiff's counsel to ensure all necessary documents were on file and return on October 30. The Court continued the hearing on October 30, and granted Plaintiff's motion for default judgment. The Court scheduled a subsequent date, January 8, 2021, for continuation of the hearing on damages, but instead of hearing additional testimony that day, the Court noted that no new information was available, and stated that it would issue a judgment based on evidence previously received by the Court.

The record contains no notices of hearing or proofs of service for the October 30, 2020 or January 8, 2021 hearings.

The trial court entered a default judgment against defendants in the amount of $800,000 on April 7, 2021. Counsel for defendants filed an appearance and motion to set aside the defaults and default judgment on June 9, 2021. Defendants argued in their motion that the trial court had not established personal jurisdiction over defendants because neither had been personally served with the summons and complaint. Defendants filed an affidavit of meritorious defense with their motion.

The trial court held a hearing on defendant's motion on August 6, 2021. At the hearing, the trial court stated that defendants had not established that they were entitled to relief, but that the trial court would hold an evidentiary hearing if requested. Defendants requested such a hearing, which was eventually scheduled for November 8, 2021.

---

[3] We note that the listed Brampton, Ontario address for Balram differs from the Mississauga, Ontario address at which the process server attested to having previously served Balram with plaintiff's complaint.

-4-

At the evidentiary hearing, which focused on the service of plaintiff's complaint, the trial court heard testimony from Yogesh "Yogi" Koshal (Koshal), the owner of Balram. Koshal testified that he works at Balram's office along with one other individual, Nikhil Kushal (Nikhil). Koshal testified that only he is authorized to receive legal papers on behalf of Balram, and that Nikhil is not an officer or registered agent. Koshal denied receiving legal papers on February 26, 2020, but testified that someone personally gave the papers to Nikhil, who gave them to Koshal that same day. Koshal testified that he gave the papers to his insurance company.

Saini testified that on March 11, 2020, someone personally gave his wife or son legal papers at his home in Ontario while he was driving for Balram in the United States. Saini testified that after he returned home, his wife gave him the papers, which he then gave to his employer.

The process server, Ashely Shepherd, testified that he served Balram at its office in Ontario on February 26, 2020. Shepherd testified that when he entered the building, he asked for "someone in charge" and was "pointed over to a gentlemen [sic] who gave me the name was [sic] Yogi Yogi, that was the name that was given to me at the time when I had served those documents." He specifically testified that he served the papers on "a gentlemen [sic] who gave me his name as Yogi Yogi." Shepherd testified that, although he only listed Balram as the entity served on his affidavit of service, he had noted on the invoice sent to plaintiff's counsel that the complaint was "left with Yogi Yogi, dispatcher." Shepherd did not recognize Koshal as the man he had served, stating that it had been over a year since service had taken place.

Regarding Saini, Shepherd testified that he served him personally at his home in Brampton, Ontario, and answered "correct" when counsel for plaintiff asked if he "put the papers in Mr. Saini['s] hands?" Shepherd denied giving the papers to either Saini's wife or his minor son. He testified that his affidavit of service, as well as the invoice provided to plaintiff's counsel, listed the person served as "Vichatar Singh Saini".

At the conclusion of the hearing, the trial court denied defendants' motion to set aside, stating:

> All right, so I would have to—they testified under oath that they received it and so you want me to say they received it and almost immediately but it's not proper. They did say that they received these papers. The process server did indicate the addresses he went and what information was given. I do find that – this to be compliant with service requirements, given the testimony under oath and the overall circumstances of this case.

The trial court subsequently entered an order reflecting its ruling.

Defendants moved for reconsideration on December 6, 2021. In addition to challenging the trial court's determination that service of process had been accomplished, defendants alleged several numerous other procedural irregularities. The trial court issued an opinion and order on March 30, 2022 denying defendants' motion for reconsideration. This appeal followed.

-5-

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion to set aside a default or default judgment. *Bullington v Corbell*, 293 Mich App 549, 554-555; 809 NW2d 657 (2011). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). We review for clear error a trial court's factual findings. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). We review de novo the construction and interpretation of court rules and statutes. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003).[4]

## III. ANALYSIS

Defendants argue that the trial court erred by denying their motion to set aside (and by denying reconsideration), because they maintain that they were never properly served with the summons and complaint and therefore the trial court never acquired personal jurisdiction over them. They also argue that, even if personal jurisdiction was established, they have established good cause for setting aside the defaults and default judgment, because procedural irregularities occurred at several points in the proceedings below. Specifically, defendants argue that they were not properly served with the defaults, they were not timely notified of plaintiff's motion for default judgment and various hearings on that motion, and they were not provided with copies of the default judgment after it was entered. We hold that the trial court did not err by concluding that defendants were properly served with the summons and complaint. However, we agree that procedural irregularities existed regarding the entry of defaults and regarding notice to defendants of plaintiff's motion for entry of a default judgment and various hearings on that motion, and of the default judgment itself. Therefore, we conclude that the trial court erred by denying defendant's motion to set aside.

---

[4] Plaintiffs argue that many of defendants' claims of error are not properly before this Court, because they were first raised in a motion for reconsideration. It is true that, as a general rule, an issue is not preserved for appeal if it was raised for the first time in a motion for reconsideration. *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). However, this rule is not inflexible; we may overlook preservation requirements "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. (citation omitted). Because the facts necessary for the resolution of the issue were presented below, the issues involve the interpretation of court rules and questions of law, the trial court addressed and decided these issues, and the issues were raised in defendants' application for leave to appeal, which we granted "limited to the issues raised in the application and supporting brief," we will exercise our discretion to consider them. We additionally note that defendants did provide evidence that they were unable to obtain the court file from the trial court clerk for several weeks after requesting it, as the trial court noted in its opinion and order denying reconsideration.

## A. JURISDICTION OF THE COURT OF APPEALS

As a threshold matter, plaintiff argues that this Court lacks jurisdiction over defendants' application for leave to appeal because it was untimely filed without an adequate explanation of delay. We disagree. On November 16, 2021, the trial court entered an order denying their motion to set aside the defaults and default judgment. Defendants sought timely reconsideration of that order below, and the trial court denied their motion for reconsideration on March 30, 2022. Defendants then filed their application for leave to appeal within 21 days of entry of that order. Accordingly, their application was timely filed, and there was no need for an explanation of delay. See MCR 7.205(A)(1)(b) (stating that an application for leave to appeal is timely if filed within "21 days after entry of an order deciding . . . a motion for rehearing or reconsideration . . . if the motion was filed within the initial 21-day appeal period . . . .").

## B. JURISDICTION OF THE TRIAL COURT

Defendants argue that the trial court erred by denying their motion to set aside, because they were not properly served with the summons and complaint and personal jurisdiction therefore was never established. We disagree.

A default or default judgment must be set aside if the trial court never acquired personal jurisdiction over a party. See *Lawrence M. Clark, Inc v Richco Constr*, 489 Mich 265, 275; 803 NW2d 151 (2011). Therefore, if service of process was defective, a default should be set aside. *Id*. at 274. Under MCR 2.105(A)(1), "Process may be served on a resident or nonresident individual by . . . delivering a summons and a copy of the complaint to the defendant personally." Under MCR 2.105(D)(1), "Service of process on a domestic or foreign corporation may be made by . . . serving a summons and copy of the complaint on an officer or the resident agent[.]"

The trial court held an evidentiary hearing on the issue of whether Shepherd properly served both defendants, and it found Shepherd's testimony more credible than that of Saini and Koshal. Defendants essentially ask this Court to reach a different conclusion regarding witness credibility. We decline to do so. When reviewing factual findings for clear error, this Court must give "particular deference to the trial court's superior position to determine witness credibility." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014). Defendants have not provided any valid reason why this Court should disregard the trial court's credibility determination, and no reason to believe that the trial court's factual finding was clearly erroneous. We therefore hold that the trial court did not err by holding that defendants were properly served with the summons and complaint, and that it properly exercised personal jurisdiction over defendants.

## C. GOOD CAUSE TO SET ASIDE DEFAULTS AND DEFAULT JUDGMENT

Defendant argue that the trial court erred by denying their motion to set aside, and by denying reconsideration, because they had established good cause to set aside the defaults and default judgment. We agree. A party moving to have a default or default judgment set aside, except when that motion is grounded on lack of jurisdiction over that party, must file an affidavit of meritorious defense and demonstrate good cause. MCR 2.603(D)(1). Good cause may be shown by (1) a substantial defect or irregularity in the proceedings, (2) a reasonable excuse for

failing to comply with the requirements that created the default, or (3) another reason showing that manifest injustice would result if the default is allowed to stand. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008).

Defendants argue that they were not properly served with the defaults entered by the trial court clerk, that they were not timely notified of plaintiff's motion for entry of a default judgment and hearings associated with that motion, and that they were not served with a copy of the default judgment itself. We make no conclusive determination regarding the serving of the defaults themselves (although we note the anomalies surrounding the filings of the defaults and related documents, and of the service or mailings thereof, as discussed). Suffice it to say, however, that we are sufficiently troubled by the sloppy practices reflected in the above-bullet-pointed recitation that we are—to say the least—less than confident that the entries of default were properly entered by the court clerk or properly served on defendants. We therefore conclude that the trial court erred by declining to set aside the clerk's entries of default, at least without a thorough examination and resolution of the many issues that are reflected in our recitation. For the reasons that follow, however, we need not rely solely on our concerns in this regard, as we conclude that the default judgment was also improperly entered.

Defendants also argue that plaintiff failed to provide proper notice of their motion for entry of default judgment, and of several hearings associated with that motion. We agree.

MCR 2.603 governs the entry and challenge of defaults and default judgments. MCR 2.603(B)(1) provides in relevant part:

(1) *Notice of Request for Default Judgment.*

(a) A party requesting a default judgment must give notice of the request to the defaulted party, if

(i) the party against whom the default judgment is sought has appeared in the action;

(ii) the request for entry of a default judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or

(iii) the pleadings do not state a specific amount demanded.

(b) The notice required by this subrule must be served at least 7 days before entry of the requested default judgment.

MCR 2.603(B)(4) further provides that "[t]he party who sought entry of the default judgment must promptly serve all parties with the default judgment. The default judgment shall be mailed to the defendant's last known address or the address of the place of service. Proof of service must be filed with the court."

MCR 2.603(D)(1) provides:

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown

and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.

Although a party is generally required to establish *both* good cause and a meritorious defense to set aside a default judgment, if a plaintiff is required to give defendant notice prior to requesting the entry of a default judgment and fails to do so, that defendant is entitled to have the default judgment set aside, without also being required to establish a meritorious defense. See *Brooks Williamson & Associates, Inc v Mayflower Const Co*, 308 Mich App 17, 27; 863 NW2d 333 (2014) (finding that lack of notice of intent to seek default judgment required that judgment to be set aside, notwithstanding the defendants' failure to establish a meritorious defense).

In this case, plaintiff's complaint and his motion for entry of a default judgment did not demand a specific amount of damages, but sought damages in an amount to be determined by the trial court. Therefore, under MCR 2.603(B)(1)(a)(3), plaintiff was required to provide notice to defendants of his request for entry of a default judgment. There is no entry in the trial court's register of actions showing that plaintiff's motion for entry of a default judgment was served upon either defendant. Although the notices of hearing filed by plaintiff indicates that the notice of hearing on the motion was served on defendants by mail, they do not indicate that the motion itself was served on either defendant. Plaintiff therefore did not properly comply with the notice provision of MCR 2.603(B)(1)(a)(iii).

Additionally, plaintiffs admit, and the trial court found, that they did not serve a copy of the default judgment on defendants as required by MCR 2.603(B)(4). "Failure to give the notice required by MCR 2.603 invalidates the judgment." *Bullington*, 293 Mich App at 562. Plaintiff argues that defendants were made aware of the request to enter the default judgment by virtue of the notices of hearing mailed in this case, and further argues that he complied with MCR 2.603(4) by sending a copy of the default judgment to the plaintiff's insurer.[5] But the language of the court rules is clear. MCR 2.603(B)(1)(a) requires that notice of the request for default judgment be provided to the defaulted parties, not merely the notice of a hearing associated with that request. See *Brooks Williamson & Associates*, 308 Mich App at 28 (holding that notification of intent to request a default judgment contained within the text of a case evaluation summary document was insufficient to provide notice). MCR 2.603(4) requires the default judgment to promptly served upon all *parties* to the case. Unambiguous court rule language must be enforced as written. *Peterson v Fertel*, 283 Mich App 232, 235-236; 770 NW2d 47 (2009). Therefore, reversal is required based upon plaintiff's violations of MCR 2.603 alone.

---

[5] Plaintiff does not explain why, after earlier serving documents on defendants by mail, he chose to serve the default judgment *only* on defendants' insurer, a nonparty to the case. Additionally, plaintiff does not provide details regarding the manner by which this corporate entity was served; defendants represented in their motion to set aside that this service occurred simply by email. Therefore, even if defendants' insurer could stand in for defendants for purposes of receiving service of the default judgment, it was not established that plaintiff "mailed" a copy to "the defendant's last known address or the address of the place of service," as is required by MCR 2.603(B)(4).

But we need not base our decision solely on the procedural irregularities surrounding notice of plaintiff's motion for default judgment and service of the default judgment itself. The record shows several irregularities concerning the notice of hearings held on plaintiff's motion. MCR 2.119 requires that, unless provided for by a different court rule, "a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served . . . at least 9 days before the time set for the hearing, if served by first-class mail." MCR 2.119(C)(1)(a). A motion and notice of hearing my be combined in the same document. MCR 2.119(A)(3).

In this case, plaintiff filed a notice of hearing for the October 23, 2020 hearing on October 1, 2020; this notice contained a proof of service indicating that it had been served on defendants by mail. As discussed, there is no indication that the actual motion itself, or the briefs and affidavits in support, were ever served on defendants, but, at least, this notice of hearing appears to have been properly served according to MCR 2.119. And defendants do not dispute that they did not appear for that hearing on October 23, 2020, although we note that the trial court made reference to "technical difficulties" with the teleconferencing software; additionally, no transcript of this hearing appears in the record. In any event, no notice of hearing or proof of service appears in the record for the subsequent October 30, 2020 or January 8, 2021 hearings.

The trial court, in its March 30, 2022 opinion and order denying defendants' motion for reconsideration, suggested that plaintiff had complied with MCR 2.603(B)(1)(b) by mailing defendants notice of the October 23, 2020 hearing, and that nothing more was required. We disagree. MCR 2.603(B)(1)(b) provides that notice of the request for default judgment be served at least seven days before entry of the requested default judgment. This rule does not, by its language, provide a deadline for timely service of the notice of hearing on a motion for entry of a default judgment. At best, this rule could be read as shortening the nine-day requirement of MCR 2.119(C)(1)(a) to seven days. More importantly, nothing in MCR 2.603(B)(1)(b) or MCR 2.119 relieves a moving party of the obligation to inform the opposing party of any further hearings once that party fails to appear for a hearing. The essence of due process in a civil case requires timely notice of proceedings and chance to respond. See *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 607; 683 NW2d 759 (2004). These requirements are not suspended once a party fails to appear for a single hearing, although other sanctions may be available.

The lack of notice of the January 8, 2021 hearing is particularly troubling. According to the trial court (as stated in its March 30, 2022 opinion and order), it had, after granting plaintiff's motion for default judgment at the October 30, 2020 motion hearing, "scheduled a subsequent date, January 8, 2021, for continuation of the hearing on damages, but instead of hearing additional testimony that day, the Court noted that no new information was available, and stated that it would issue a judgment based on evidence previously received by the Court." The trial court's statement seems to indicate that it had determined that an additional hearing on damages was required before the default judgment could be entered or given effect. Yet, without conducting such a hearing, the trial court subsequently entered a judgment in the amount of $800,000, presumably based on information provided by plaintiffs at the October 30, 2020 hearing (for which no transcript appears in the record). MCR 2.603(B)(3)(b) governs such procedures, and provides:

(b) If, in order for the court to enter a default judgment or to carry it into effect, it is necessary to

 (i) take an account,

 (ii) determine the amount of damages,

 (iii) establish the truth of an allegation by evidence, or

 (iv) investigate any other matter,

the court may conduct hearings or order references it deems necessary and proper, and shall accord a right of trial by jury to the parties to the extent required by the constitution.

A defaulted party has the right to participate in further proceedings to determine the amount of damages, even if that party has not demonstrated good cause and a meritorious defense so as to warrant setting aside the default and default judgment. See *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 79; 618 NW2d 66 (2000) (stating that "a default judgment is not an admission regarding damages"), citing *Midwest Mental Health Clinic, PC v BCBSM*, 119 Mich App 671, 675; 326 NW2d 599 (1982) ("While the question of a defendant's liability is cemented by a default, a defendant has a right to participate where further proceedings are necessary to determine the amount of damages."). Therefore, defendants had the right to participate in the January 8, 2021 hearing, and to contest the amount of damages determined, even before they filed their motion to set aside. The trial court's grant of a default judgment and the supposed satisfaction of MCR 2.603(B)(1)(b) did not divest defendants of their right to due process in connection with this hearing. *Hinky Dinky Supermarket, Inc*, 261 Mich App at 607. The language of the trial court's opinion could be read as stating that the trial court scheduled the hearing on its own motion, but regardless of whether the trial court or plaintiff initiated the hearing, *someone* was required to notify defendants of the hearing, notwithstanding their failure to appear at an earlier hearing. Not only were defendants not notified of this hearing, but the trial court cited the fact that "no new information was available" in support of its decision to determine that $800,000 of damages were warranted without any evidentiary hearing at all. We conclude that this does not comport with the court rules or with basic due process.

Taken together, these significant procedural irregularities convince us that the trial court abused its discretion by denying defendants' motion to set aside. *Bullington*, 293 Mich App at 554-555. Although the trial court did not reach the issue of whether defendants presented a meritorious defense, defendants were not required to do so in light of violations of MCR 2.603. *Brooks Williamson & Associates*, 308 Mich App at 27. Nonetheless, we note that Saini's affidavit of meritorious defense explains that the accident was minor, that he was not at fault, and that no one at the scene of the accident requested medical assistance, citing the traffic crash report in support of these facts. Saini also asserted that he did not act negligently and that his operation of his semi-truck was, in his professional judgment, "consistent with best safety practices." In other words, defendants challenged the allegation that Saini had driven in a negligent manner, and also whether plaintiff had suffered any injuries whatsoever. These assertions, if proven, would be a substantial defense to plaintiff's claim; therefore, it appears that defendants have satisfied any

burden of alleging facts showing a meritorious defense. *Shawl*, 280 Mich App at 235, citing *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233-234; 600 NW2d 638 (1999).

IV. CONCLUSION

The trial court did not err by holding that it had obtained personal jurisdiction over defendants by proper service of process. However, defendants have shown significant procedural irregularities that warrant setting aside the defaults and default judgment. We therefore reverse the trial court's order denying defendants' motion to set aside, and remand for further proceedings consistent with this opinion. On remand, the trial court shall enter an order setting aside the defaults and default judgments, conditioned on the defaulted parties paying the taxable costs incurred by the other party in reliance on the defaults or default judgment, as well as other conditions the court deems proper as provided for in MCR 2.603(D)(4). As the prevailing party on appeal, defendants may tax costs. MCR 7.219(A). We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan