HOOD v HOOD

Docket No. 90451. Submitted July 8, 1986, at Lansing. Decided September 8, 1986.

Robert O. Hood filed an action for divorce in the Oakland Circuit Court against Cheryl A. Hood. Defendant failed to file an answer. Two months later, the circuit court, Fred M. Mester, J., on plaintiff's motion, entered an order to proceed without the Friend of the Court's recommendation, granted leave to proceed prior to the end of the six-month waiting period provided by statute, and granted a default judgment of divorce. The divorce judgment granted custody of the three minor children to plaintiff, provided for payment of child support by defendant, and granted reasonable rights of visitation to defendant. The judgment further provided that title to the marital home be held by the parties as tenants in common with sole possession to plaintiff until such time as he remarried or the youngest child reached eighteen years of age, at which time the home would be sold and the defendant would have a lien on the proceeds in the amount of $6,000. The judgment also awarded the parties' newer automobile and a motorcycle to plaintiff and the older automobile to defendant. A motion by defendant to set aside the default judgment was denied by the circuit court. Defendant appealed.

The Court of Appeals *held:*

1. The circuit court erred in entering a default judgment of divorce prior to the expiration of the six-month waiting period. Plaintiff's assertion that defendant stayed out, came home late, and fought with him did not present a case of unusual hardship nor did it show a compelling necessity, which would have appealed to the conscience of the circuit court, to proceed before the expiration of the waiting period.

2. The Court of Appeals concluded that defendant's claim of error regarding the circuit court's award of custody to plaintiff

REFERENCES

Am Jur 2d, Appeal and Error §§ 491 *et seq.*

Am Jur 2d, Divorce and Separation §§ 430 *et seq.,* 817 *et seq.*

See the annotations in the Index to Annotations under Custody and Support of Children; Default Judgments; Divorce and Separation.

was moot, in light of its holding as to the statutory waiting period. However, if the Court of Appeals were to assume that the circuit court did not err by proceeding prior to the expiration of the waiting period, the Court of Appeals would hold that the circuit court abused its discretion regarding the custody issue since there was insufficient proof to support an award of custody to plaintiff.

3. The Court of Appeals also concluded that defendant's claim of error regarding the circuit court's denial of her motion to set aside the default judgment was moot. However, if the Court of Appeals were to assume that the circuit court did not err by proceeding prior to the expiration of the waiting period, the Court of Appeals would hold that the circuit court abused its discretion in denying defendant's motion because manifest injustice would result if the judgment were allowed to stand.

Reversed.

1. DIVORCE — WAITING PERIOD — STATUTES.

The statute providing for a six-month period between the filing of a complaint for divorce and the taking of proofs in cases when there are children under the age of eighteen years was intended to afford an opportunity to the parties to consider their responsibilities toward their children and to effect a reconciliation if possible (MCL 552.9f; MSA 25.89[6]).

2. APPEAL — DIVORCE — CHILD CUSTODY.

The Court of Appeals reviews a trial court's child custody determination de novo, but is bound to affirm the trial court's judgment in the absence of an abuse of discretion or clear error or findings of fact which are against the great weight of the evidence.

3. APPEAL — JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS.

A motion to set aside a default judgment is addressed to the trial court's discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown.

4. APPEAL — JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS — COURT RULES.

Good cause sufficient to set aside a default judgment includes: (1) a substantial defect or irregularity in proceedings upon which the default is based; (2) a reasonable excuse for failure to comply with the requirements which created the default; or (3) some other reason showing that manifest injustice would result from permitting the default judgment to stand (GCR 1963, 520.4, now MCR 2.603[D]).

*A. Lawrence Russell,* for plaintiff.

*Poe & Stanesa* (by *Lyn A. Sippola*), for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

CYNAR, P.J. Plaintiff, Robert O. Hood, filed an action for divorce on October 3, 1984. Defendant, Cheryl A. Hood, failed to answer and a default judgment of divorce was entered on December 12, 1984. Defendant filed a motion to set aside the default on December 13, 1984. The trial court entered an order denying defendant's motion to set aside the default judgment on January 16, 1986. Defendant appeals as of right. We reverse.

At a proceeding before the circuit court on December 12, 1984, plaintiff's counsel moved for entry of a proposed default judgment and requested to proceed without a recommendation from the Friend of the Court. Plaintiff testified that he married defendant on March 1, 1975, and that Thomas, eight years old, Justin four years old, and Lee Ann, two years old, were children born of this marriage. Plaintiff requested custody of the children, and support of $10 per week per child to be paid by the defendant with reasonable rights of visitation to the defendant. Plaintiff asked that title to the home be held by the parties as tenants in common with sole possession to him until such time as he remarried or the youngest child reached eighteen, at which time the home would be sold and the wife would have a lien in the amount of $6,000, which amount he and his attorney had determined to be one-half of the current equity in the home. He asked for the 1983

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Buick and motorcycle, allowing defendant to keep the 1978 Chevette. Further he asked that the court waive the six-month waiting period because it would be in the best interests of the three minor children since the wife "stays out, comes home late, fights. The kids are right in the middle of it." He stated that the defendant was aware he would request custody since the defendant was served and custody was requested in the original pleadings.

On December 12, 1984, the court entered an order to proceed without the Friend of the Court's recommendation, granted leave to proceed prior to the end of the six-month waiting period, and granted a default judgment of divorce as submitted for entry by the plaintiff.

On December 13, 1984, defendant filed a motion to set aside the default judgment. Defendant claimed that she had never been served with the complaint for divorce.

A deposition of the process server, Edward Gromer, was taken on February 12, 1985. He stated that he had served the defendant on October 10, 1984. We note that the deposition of plaintiff was taken on August 12, 1985. According to this deposition, the parties had lived in Warren, Michigan, for some 4½ years in a house they were buying. Plaintiff was employed as a sheet metal worker at General Motors, earning $16.04 per hour. He had been married to defendant 9½ years, and they had three children. In September, 1984, plaintiff stayed at a friend's house at Cass Lake, somewhere on Cass Lake Road, where he showered and shaved for a few days.[1] While at the friend's home at Cass Lake, he also went back to the home

---

[1] The statement to the Friend of the Court filed on October 3, 1984, on behalf of Robert O. Hood lists his home address as 2880 Phillips, Berkley, MI, 48072.

in Warren. He stated that on October 3, 1984, he returned to live in the Warren home. He told defendant that he filed for divorce that same day. After service was made as contended on behalf of the plaintiff, he never talked to defendant about resolving the terms of the divorce regarding custody, support, or property settlement. From October 3, 1984, to August 12, 1984, the date of plaintiff's deposition, both the plaintiff and defendant lived in the marital home in Warren, and both took care of the children. Plaintiff did not tell the defendant that he was going to court on December 12, 1984, to take the judgment of divorce. Defendant was not working.

Defendant in her affidavit filed August 29, 1985, in support of her motion to set aside the default judgment states: "That subsequent to December 12, 1984, plaintiff did tell defendant that he really did not want a divorce, he just wanted to 'scare her.'"

On October 3, 1985, the trial court denied defendant's motion to set aside the default and ordered an evidentiary hearing. A hearing was held before the Friend of the Court referee on December 20, 1985. Following the hearing, a recommendation of the referee was filed with the court. The referee indicated that Edward Gromer testified that he had served defendant. Defendant denied being served and her cousin testified that defendant was not at home at the time of the alleged service.

The only issue which appears to have been considered by the Friend of the Court related to service of process. The Friend of the Court referee determined that defendant had not met her burden of proof and recommended that defendant's motion to set aside the default judgment be denied. The trial court followed this recommendation and on January 16, 1986, entered an order deny-

ing defendant's motion to set aside the default judgment.

We find that the trial court erred in entering a default judgment of divorce prior to the end of the six-month waiting period.

The pertinent portion of MCL 552.9f; MSA 25.89(6) provides:

> In every case where there are dependent minor children under the age of 18 years, no proofs or testimony shall be taken in such cases for divorce until the expiration of 6 months from the day the bill of complaint is filed. In cases of unusual hardship or such compelling necessity as shall appeal to the conscience of the court, upon petition and proper showing, it may take testimony at any time after the expiration of 60 days from the time of filing the bill of complaint.

Plaintiff filed his complaint for divorce on October 3, 1984. On December 12, 1984, when the trial court was taking testimony for purposes of granting a default judgment of divorce, the colloquy regarding a waiver of the six-month statutory waiting period was as follows:

> *Q.* You're also asking that the Court waive the six (6) month waiting period; is that correct?
> *A. (By Plaintiff)* Yes.
> *Q.* And do you believe that the entry of judgment today would be in the best interests of the three minor children?
> *A.* Yes, I do.
> *Q.* Will you explain to the Judge why you believe that?
> *A.* Well, she stays out, comes home late, fights. The kids are right in the middle of it. Just can't get along.

This was the only discussion of waiving the six-month statutory period.

Plaintiff argues that this request was the equivalent of an oral petition for waiver of the six-month statutory period.

Even if we were to assume that the oral request was sufficient to appeal to the conscience of the court, a proper showing to support a waiver of such a substantial right was lacking. What plaintiff stated as his belief was at most a brief generality without much specific factual support. Saying that defendant stays out, comes home late, and fights does not rise to the level of unusual hardship or compelling necessity on the record before us. This is all the more apparent when considering that the parties continued to live together in the marital residence before, during, and after the filing of the complaint and entry of the default judgment of divorce. Additionally, a six-month statutory waiting period is provided so that the parties have time to consider their responsibilities to their children and consider reconciliation. *Linn v Linn,* 341 Mich 668; 69 NW2d 147 (1955). We are not able to determine from the limited record whether the parties considered reconciliation or responsibility to their children. However, defendant was not afforded proper notice that plaintiff would request and the trial court would waive compliance with the six-month statutory period.

Defendant contends the trial court erred by awarding custody of the minor children to the plaintiff.

This issue is moot since the default judgment of divorce was entered in violation of the six-month waiting period. However, if we assume the six-month waiting period was not violated, the trial court abused its discretion in awarding custody of the minor children to the plaintiff.

This Court reviews a trial court's custody determination de novo, but is bound to affirm the trial

court's judgment in the absence of an abuse of discretion or clear error or findings of fact which are against the great weight of the evidence. *Theroux v Doerr,* 137 Mich App 147; 357 NW2d 327 (1984). MCL 552.16; MSA 25.96 provides in part: "Upon annulling a marriage or entering a judgment of divorce or separate maintenance, the court may enter such orders as it considers just and proper concerning the care, custody, and support of the minor children of the parties." Custody may be awarded to a party although the party did not pray for custody in his or her complaint. *Remus v Remus,* 325 Mich 641, 643; 39 NW2d 211 (1949).

Even if the defendant was served with the complaint, there was no indication that her husband would seek custody of the children. Plaintiff indicated that defendant had notice since plaintiff requested custody in his complaint. The complaint filed did not request custody. Plaintiff resided in the same house with the children and the defendant. He never discussed custody, support or property settlement with the defendant before appearing in court on December 12, 1984, for the purpose of requesting a default judgment of divorce which appears to have been already prepared for entry prior to the appearance. An order to proceed without a recommendation of the Friend of the Court was entered at the same time.

At best, proof, if not completely lacking, was not sufficient to support an award of custody of the minor children to the plaintiff.

Defendant further maintains that the trial court abused its discretion in not setting aside the default judgment of divorce. This issue is moot since we have decided the default judgment should not have been entered before the six-month statutory waiting period had expired. However, even if we

were to assume that the entry of the judgment was proper, we find the trial court abused its discretion in not setting aside the default judgment.

The decision to set aside a default judgment is a decision within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Yenglin v Mazur,* 121 Mich App 218, 221; 218 NW2d 624 (1982). GCR 1963, 520.4, now MCR 2.603(D), provides in part: "A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. *Glasner v Griffin,* 102 Mich App 445, 448; 301 NW2d 889 (1980).

The trial court denied defendant's motion to set aside the default judgment of divorce and set the matter for an evidentiary hearing before a Friend of the Court referee. Lack of service appears to have been the only issue addressed in this hearing and the Friend of the Court referee ruled the burden of proof was clearly not met by defendant. The trial court followed the recommendation of the Friend of the Court by denying the defendant's motion to set aside the default judgment.

It appears to us that good cause was shown to set aside the default judgment at least under one example set forth in *Glasner, supra.*

Manifest injustice would result if the judgment

is allowed to stand. Plaintiff filed for divorce and obtained a default judgment without ever discussing the matter with his wife, with whom he continued to live during the proceedings. In addition, plaintiff did not request custody of the children in his complaint for divorce, but during the default hearing the court was advised that defendant asked for custody in the complaint. Further, plaintiff's testimony, "she stays out, comes home late, fights," without more, does not appear sufficient to support an award of custody.

Defendant in this case had not worked during the marriage so as to remain home to care for the parties' children while plaintiff was employed. Injustice will result to defendant if she is denied custody of her children without an opportunity to show that the best interests of the children would be served by awarding custody to her.

Reversed.