MARPOSS CORPORATION v AUTOCAM CORPORATION

Docket No. 112407. Submitted January 10, 1990, at Grand Rapids. Decided April 3, 1990. Leave to appeal applied for.

Marposs Corporation brought an action in the Oakland Circuit Court against Autocam Corporation. Defendant moved for summary disposition and a change of venue. Both were denied and defendant sought leave to appeal the denial of a change of venue but not the denial of summary disposition. When defendant did not file a responsive pleading within twenty-one days of the denial of summary disposition, the court entered a default and, later, a default judgment, James S. Thorburn, J. Defendant appealed.

The Court of Appeals *held:*

1. The court erred in entering a default against defendant, since, under the circumstances, it did not result in a just determination of the action.

2. The court erred in entering a judgment on the default. Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based; (2) a reasonable excuse for failure to comply with requirements that created the default; or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. Good cause and an affidavit of facts showing a meritorious defense are required before a default may be set aside for good cause. Good cause is shown where the defendants establish the existence of a meritorious defense and raise questions that should be determined at a trial on the merits, where there is no evidence that the defendants intentionally attempted to delay the adjudication of the plaintiff's claims by failing to file their answer in a timely manner, where the plaintiff is not prejudiced by the defendants' default, and where the period in which

REFERENCES

Am Jur 2d, Judgments §§ 682, 686, 708, 739, 740, 776; Venue §§ 5, 29, 30, 32, 58, 63.

See the Index to Annotations under Change of Venue; Counties; Default Judgments; Venue.

the defendants were inactive in pursuing their defense is not unreasonably long.

3. The court erred in finding Oakland County to be the proper venue. The purpose of the statute regarding the determination of venue is to require that an action be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county. The record did not show systematic and continuous business dealings within the county.

Reversed and remanded.

1. TRIAL — COURT RULES — JUDICIAL CONSTRUCTION.

The court rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties (MCR 1.105).

2. JUDGMENTS — DEFAULT JUDGMENTS — APPEAL.

The policy of this state favors the meritorious determination of issues and encourages the setting aside of defaults; a trial court's decision on whether to set aside a default judgment will not be disturbed on appeal absent an abuse of discretion.

3. JUDGMENTS — DEFAULT JUDGMENTS — GOOD CAUSE.

Good cause sufficient to warrant setting aside a default judgment includes: (1) a substantial defect or irregularity in the proceedings upon which the default was based; (2) a reasonable excuse for failure to comply with requirements that created the default; or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand; good cause and an affidavit of facts showing a meritorious defense are required before a default may be set aside for good cause; good cause is shown where the defendants establish the existence of a meritorious defense and raise questions that should be determined at a trial on the merits, where there is no evidence that the defendants intentionally attempted to delay the adjudication of the plaintiff's claims by failing to file their answer in a timely manner, where the plaintiff is not prejudiced by the defendants' default, and where the period in which the defendants were inactive in pursuing their defense is not unreasonably long.

4. VENUE — CONDUCTING BUSINESS.

The purpose of the statute regarding the determination of venue is to require that an action be instituted in a county in which the defendant has some real presence such as might be shown

by systematic or continuous business dealings inside the county (MCL 600.1621[a]; MSA 27A.1621[a]).

*Butzel, Long, Gust, Klein & Van Zile* (by *James C. Bruno* and *Susan Carino Nystrom*), for plaintiff.

*Gruel, Mills, Nims & Pylman* (by *Scott R. Melton*), for defendant.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

PER CURIAM. Defendant appeals as of right from a default judgment entered by the circuit court. We reverse and remand for further proceedings consistent with this opinion.

I

Defendant first contends that the trial court erred in finding that a default had been properly entered. We agree.

Defendant filed a motion for summary disposition pursuant to MCR 2.116 and a motion for change of venue pursuant to MCR 2.223. Both motions were denied. Defendant filed an application for leave to appeal the denial of its motion for change of venue. However, defendant did not file an application for leave to appeal from the trial court's denial of its motion for summary disposition.

Because of the failure to appeal the denial of the motion for summary disposition, defendant was required to serve and file a responsive pleading within twenty-one days after denial. This defendant did not do.

MCR 2.108 provides in pertinent part:

(A) Time for Service and Filing of Pleadings.

(1) A defendant must serve and file an answer *or take other action permitted by law or these rules* within 21 days after being served with the summons and a copy of the complaint in Michigan in the manner provided in MCR 2.105(A)(1). [Emphasis added.]

Defendant does not state, and we could not find, any Michigan case law authority specifically defining what "other action" is "permitted by law or these rules" in lieu of filing an answer within twenty-one days of being served with a summons and complaint. However, MCR 2.108(C) is instructive in this regard and alters the time for pleading contained in subsection (A) for particular motions and amendments, including motions for summary disposition pursuant to MCR 2.116. No mention is made of the effect of a motion for a change of venue or the effect of an application for leave to appeal from a denial of a motion for change of venue on the time limits for pleading.

Had defendant filed an application for leave to appeal from the order denying its motion for summary disposition within twenty-one days after denial of that motion, defendant would not have had to serve and file its responsive pleading until twenty-one days after denial of the application. MCR 2.108(C)(1). Defendant, however, elected not to apply for leave to appeal from the denial of its motion for summary disposition but, rather, sought leave to appeal only from the denial of its motion for change of venue. Accordingly, under a hypertechnical construction of the above court rules, we cannot conclude that the filing of an application for leave to appeal from the denial of a motion for change of venue tolled the time for filing a responsive pleading pursuant to MCR 2.108.

## II

We do, however, conclude that the trial court erred in finding that a default was properly entered. MCR 2.603(A) states in pertinent part:

(1) If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party.

MCR 1.105 states the rules of construction for the Michigan Court Rules, and provides:

These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties.

Under the circumstances of this case, we believe that a hypertechnical construction of the court rules would not result in a just determination of this action because, in our view, defendant has not failed to "otherwise defend," as provided in MCR 2.603(A).

## III

Even assuming that the trial court did not err in finding that the default was properly entered, it abused its discretion in refusing to set aside the default and in granting plaintiff's motion for a default judgment.

The policy of this state favors the meritorious determination of issues and encourages the setting aside of defaults. *Levitt v Kacy Manufacturing Co,* 142 Mich App 603, 607; 370 NW2d 4 (1985). The

trial court's decision on whether to set aside a default judgment will not be disturbed on appeal absent an abuse of discretion. *Hood v Hood,* 154 Mich App 430, 438; 397 NW2d 557 (1986).

Except when grounded on lack of jurisdiction over the defendant, a motion to set aside a default or default judgment shall be granted only if good cause is shown and an affidavit of fact showing a meritorious defense is filed. MCR 2.603(D).

In *Perry v Perry,* 176 Mich App 762, 769; 440 NW2d 93 (1989), this Court stated:

> Good cause sufficient to warrant setting aside a default judgment includes (1) a substantial defect or irregularity in the proceeding upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default judgment were allowed to stand. . . . An affidavit of facts showing a meritorious defense must be filed before a default judgment may be set aside for good cause. [Citations omitted.]

In *Daugherty v Michigan (After Remand),* 133 Mich App 593, 598-599; 350 NW2d 291 (1984), a panel of this Court determined that the trial court erred in refusing to set aside a default under factor (3) where the defendants established the existence of a meritorious defense and raised questions that should be determined at a trial on the merits, where there was no evidence that the defendants intentionally attempted to delay the adjudication of the plaintiff's claims by failing to file their answer in a timely manner, where the plaintiff was not prejudiced by the defendants' default, and where the period in which the defendants were inactive in pursuing their defense was not unreasonably long.

In this case, defendant has established good cause under factor (3) in that it will suffer manifest injustice if the default is not set aside. Defendant's affidavit of facts has also established a meritorious defense. The trial court abused its discretion in refusing to set aside the default.

IV

Because of our determination that the trial court abused its discretion in refusing to set aside the default, we need not reach defendant's argument that the trial court erred in requiring defense counsel to "stipulate" to the assessment of $2,500 in costs as a condition to setting aside the default.

V

Defendant finally contends that the trial court erred in finding that Oakland County was the proper venue for this action. We agree.

This Court reviews a trial court's ruling as to whether venue was properly laid under the clearly erroneous standard. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981). We are convinced that the trial court clearly erred in this case.

At issue here is whether defendant conducts business in Oakland County so that venue is proper there under MCL 600.1621(a); MSA 27A.1621(a). The purpose of this section of the statute is to require that the action be instituted in a county where the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county. *Pulcini v Doctor's Clinic, PC,* 158 Mich App 56, 59; 404 NW2d 702 (1987), lv den 428 Mich 894 (1987).

In denying defendant's motion for a change of venue, the trial court relied on the parties' briefs, affidavits, answers to interrogatories, and other documentary evidence which established that, as of the date this action was filed, defendant was a corporation located in Kent County, Michigan, defendant maintained no offices, employees, or agents in Oakland County, and defendant had no customers in Oakland County. Defendant also presented evidence that, during the two years preceding the filing of this action, it initiated no sales calls to businesses or potential customers in Oakland County and it neither advertised nor solicited potential customers through any media in Oakland County.

The equipment defendant purchased from plaintiff was shipped in three installments. Two of the three deliveries were made f.o.b. Troy, Michigan, which is in Oakland County.

In September, 1987, defendant shipped one order of 650 small parts to a company in Oakland County. This order was solicited by the customer and was later cancelled.

In 1987, defendant was approached by an Oakland County company, who requested that defendant give a quotation on a potential long-term contract. Two quotes were submitted by defendant, but no purchase order or business was ever received.

Since the summer of 1987, defendant has not made any sales calls or contacted potential customers in Oakland County. Although defendant has approximately seven vendors or suppliers which maintain facilities in Oakland County, all of these companies make their sales calls at defendant's company in Kent County, Michigan.

Based on this record, we cannot conclude that defendant had a real presence in Oakland County

such as might be shown by systematic and continuous business dealings within the county. Accordingly, the trial court clearly erred in denying defendant's motion for a change of venue.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.