HUNTINGTON NATIONAL BANK v RISTICH

Docket No. 297151. Submitted April 12, 2011, at Detroit. Decided April 26, 2011, at 9:00 a.m.

Huntington National Bank brought an action in the Macomb Circuit Court against Jovica Ristich, alleging breach of contract and fraud in relation to two loans that had been made to defendant totaling approximately $80,000. Defendant failed to file a responsive pleading and instead moved for an evidentiary hearing and a stay of the proceedings, arguing that answering the complaint would violate his constitutional right against self-incrimination. Plaintiff requested and the clerk entered a default, and plaintiff subsequently moved for entry of a default judgment. The court, David F. Viviano, J., denied defendant's motion for an evidentiary hearing and a stay of the proceedings and instructed him to answer each allegation in the complaint specifically. After plaintiff again moved for a default judgment, defendant moved to set aside the default, arguing that manifest injustice would result because his motion for an evidentiary hearing and a stay of the proceedings was sufficient to preclude entry of a default under MCR 2.108(A)(1) and 2.603(A)(1). The court denied defendant's motion to set aside the default and ultimately entered a default judgment in plaintiff's favor. Defendant appealed.

The Court of Appeals *held*:

1. Under MCR 2.108(A)(1), a defendant is generally required to file an answer to a complaint or take other action permitted by law within 21 days of being served. MCR 2.108(E) allows the court to extend the time upon request, but moving for a stay of the proceedings is not equivalent to moving for an extension of time. Instead, the defendant must comply with the requirements of MCR 2.108(E) and request an extension that states with particularity the grounds and authority on which it is based and the relief sought in order to avoid being subject to default.

2. A motion for an evidentiary hearing and a stay of proceedings cannot be characterized as taking "other action permitted by law" under MCR 2.108(A)(1) or a defense to the action under MCR 2.603(A)(1) that would preclude entry of a default. A defendant desiring to invoke the privilege against self-incrimination at the

pleading stage of a civil action is not excused from filing a timely answer to the complaint unless otherwise provided by law. A defendant must answer the allegations in the complaint that he or she can and make a specific claim of privilege to the remaining allegations. A defendant's proper invocation of the privilege in an answer will be treated as a specific denial. Defendant was properly defaulted in this case.

3. A properly entered default can be set aside under some circumstances, but both good cause and an affidavit showing a meritorious defense are required under MCR 2.603(D)(1). Good cause can be shown by a substantial defect or irregularity in the proceedings on which the default was based or a reasonable excuse for failure to comply with the requirements that created the default. Defendant did not specifically assert a substantial defect or irregularity or a reasonable excuse. While defendant argued that manifest injustice would occur if the default were allowed to stand, he could have invoked the privilege against self-incrimination in an answer. Moreover, defendant failed to meet the requirements for establishing a meritorious defense when his affidavit consisted simply of unsupported facts and contested only the amount of liability. The trial court did not abuse its discretion by refusing to set aside the default and entering a default judgment in plaintiff's favor.

Affirmed.

1. PLEADING — ANSWERS — TIME TO RESPOND — MOTIONS.

A defendant must serve and file an answer or take other action permitted by law within 21 days after being served with the summons and complaint; the court may extend the time if a request is made before the period expires if the motion states with particularity the grounds and authority on which it is based and the relief sought; a motion to stay the proceedings will not be treated as a motion to extend the time for filing an answer (MCR 2.108[A][1] and [E], 2.119[A][1]).

2. CONSTITUTIONAL LAW — SELF-INCRIMINATION — FIFTH AMENDMENT — CIVIL ACTIONS — INVOCATION OF RIGHT.

A defendant desiring to invoke the privilege against self-incrimination at the pleading stage of a civil action is not excused from filing a timely answer to the complaint unless otherwise provided by law; a defendant must answer the allegations in the complaint that he or she can and make a specific claim of privilege to the remaining allegations; a defendant's proper invocation of

the privilege in an answer will be treated as a specific denial (US Const, Am V; Const 1963, art 1, § 17).

3. JUDGMENTS — DEFAULT — SETTING ASIDE — MERITORIOUS DEFENSE.

An affidavit of meritorious defense provided in support of a motion to set aside a default judgment must include particular facts establishing the meritorious defense; simply disputing the amount of liability does not establish a meritorious defense (MCR 2.603[D][1]).

*Simon, Galasso & Frantz, PLC* (by *Steven A. Morris, Craig T. Mierzwa,* and *Frank R. Simon*), for plaintiff.

*Joseph & Associates P.C.* (by *Paul T. Joseph* and *Adil Daudi*), for defendant.

Before: BECKERING, P.J., and WHITBECK and M. J. KELLY, JJ.

PER CURIAM. In this action for breach of contract and fraud, defendant, Jovica Ristich, appeals as of right the trial court's January 25, 2010, order denying defendant's motion to set aside a default and entering a default judgment in favor of plaintiff Huntington National Bank. We affirm.

I

On October 1, 2009, plaintiff filed a complaint against defendant alleging two counts of breach of contract and one count of fraud. Plaintiff alleged that defendant breached (1) a June 2009 personal loan agreement in which defendant obtained approximately $55,000 in financing for a 2008 BMW 6 Series automobile and (2) a June 2009 personal credit-line agreement in which defendant obtained $25,000. According to plaintiff, defendant did not grant it a security interest in the BMW pursuant to the loan agreement, and he

misrepresented his yearly income on his applications for the loan and credit line.

On October 5, 2009, defendant was personally served with a copy of the summons and complaint. Nine days later, defendant, proceeding *in propria persona,* moved the trial court for an evidentiary hearing and a stay of the proceedings. Defendant asserted that he believed the FBI, the United States Secret Service, and a special agent were investigating him for "the same allegations contained in the Complaint in this case." Defendant also asserted that

> if he [were] required to answer the Complaint and compelled to proceed in [the] cause of action, his responses could be utilized against him if charged by the U.S. Attorney's Office and this obligation would violate his fifth amendment rights guaranteed under the United States Constitution and art 1, § 17 of the Michigan Constitution of 1962.

Defendant, therefore, requested that the trial court conduct an evidentiary hearing and stay the proceedings to "protect his constitutional rights." He did not file an answer to the complaint.

Plaintiff subsequently requested, and the county clerk entered, a default against defendant "for failure to plead or otherwise defend as provided by law." Plaintiff then moved for findings of fact and a default judgment against defendant. Plaintiff also filed a response to defendant's motion for an evidentiary hearing and a stay of the proceedings, arguing that it was entitled to have defendant respond to the complaint and to a discovery record of his assertion of the privilege against self-incrimination in response to each question plaintiff asked. Plaintiff argued that defendant could not make a blanket assertion of the privilege against self-incrimination by refusing to file an answer and that

defendant had failed to "provide support in the record" to warrant an evidentiary hearing.

At a January 4, 2010, hearing, the trial court denied defendant's motion for an evidentiary hearing and a stay of the proceedings because a default had been entered against him. The court opined that the arguments defendant raised in his motion were insufficient, stating that defendant could not "just wave a magic wand because he's been indicted and say I'm immune from civil process." The court instructed defendant to answer the complaint and answer each allegation specifically and to raise the privilege against self-incrimination in response to each paragraph that he believed he could not answer so that the court could determine whether it was a sufficient response to the complaint. Finally, the court instructed defendant to move the court in writing if he wished to set aside the default.

Thereafter, plaintiff again moved for findings of fact and a default judgment against defendant. Defendant moved to set aside the default, arguing that manifest injustice would result if the court allowed the default to stand because his motion for an evidentiary hearing and a stay of the proceedings constituted "other action permitted by law" under MCR 2.108(A)(1) and a defense under MCR 2.603(A)(1). Defendant also submitted an affidavit of meritorious defense. In the affidavit, defendant stated: "I have a meritorious defense to Plaintiff's complaint in that I dispute the amount of the debt owed."

At a January 25, 2010, hearing, the trial court denied defendant's motion to set aside the default. The court stated that "there may be" good cause to set aside the default, but "it's not been fleshed out or put forth to me

by way of affidavit." The court held that defendant had not provided a meritorious defense, stating that

> the only affidavit that we do have from [defendant] only says that he has a meritorious defense and that he disputes the amount of debt owed. . . . [I]t's not sufficient in terms of an affidavit setting forth what the defense to the claim is, simply to make a general denial.

The court concluded that defendant had defrauded plaintiff and entered a default judgment in plaintiff's favor in the amount of $86,423.06, plus interest. Defendant moved for reconsideration, and the court denied the motion on March 18, 2010.

II

Defendant argues that the trial court erred when it denied his request to set aside the default and granted the default judgment. Specifically, defendant argues that his motion to stay the proceedings was equivalent to a request for an extension of time to file an answer. We disagree.

We review defendant's unpreserved claim for plain error affecting his substantial rights. See *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). As a general rule, "[a] defendant must serve and file an answer or take other action permitted by law or [the Michigan Court Rules] within 21 days after being served with the summons and a copy of the complaint." MCR 2.108(A)(1). MCR 2.603(A)(1) requires a court clerk to enter a default of a defendant when the defendant fails "to plead or otherwise defend as provided by [the Michigan Court Rules]." But, under MCR 2.108(E), "[a] court may . . . extend the time for serving and filing a pleading . . . if [a] request is made before the expiration of the period originally prescribed" and the court's authority to do so is not limited by another rule.

Under MCR 2.119(A)(1)(b) and (c), a motion must "state with particularity the grounds and authority on which it is based" and "state the relief or order sought."

Defendant moved for an evidentiary hearing and stay of the proceedings. However, the motion did not state that he was seeking an extension of time to file an answer, nor did it state the grounds or authority on which the trial court could extend the time for filing an answer, i.e., MCR 2.108(E). Therefore, we cannot conclude that defendant moved for an extension of time to file an answer, which would have shielded him from default in the event that he did not file an answer within 21 days after being served with the summons and complaint. See MCR 2.108(A)(1); MCR 2.603(A)(1).

According to defendant, moving for a stay of the proceedings is equivalent to moving for an extension of time under MCR 2.108(E) because both motions request the same relief: more time to file an answer. But defendant has not identified any legal rule supporting the assertion that the two motions are equivalent. Moreover, defendant's argument, which focuses on the factual circumstances of his case, ignores a significant distinction between a motion for a stay of the proceedings and a motion for an extension of time to file an answer. While a defendant might assume that a motion to stay the proceedings extends the time for filing an answer, nothing in the motion notifies the trial court of the defendant's desire to extend the time, as a motion under MCR 2.108(E) does. The trial court could assume that the defendant fully intends to answer within 21 days of service. For this reason, motions to stay the proceedings and to extend the time for filing an answer should not be treated synonymously. In order to request an extension of time for filing an answer, a defendant

must file a motion pursuant to MCR 2.108(E), particularly requesting the extension. See MCR 2.119(A)(1).

Accordingly, we hold that the trial court did not plainly err by denying defendant's motion to set aside the default and granting the default judgment in plaintiff's favor and properly rejected defendant's claim that a motion to stay the proceedings was the equivalent of a motion for an extension of time to file an answer.

III

Defendant further argues that the trial court should have granted his motion to set aside the default because he took "other action permitted by law" under MCR 2.108(A)(1) and "otherwise defend[ed]" himself under MCR 2.603(A)(1) by filing a motion for an evidentiary hearing and a stay of the proceedings, wherein he invoked the constitutional privilege against self-incrimination. Again, we disagree.

Defendant preserved this issue by raising it in his motion to set aside the default. See *Detroit Leasing Co v Detroit*, 269 Mich App 233, 237; 713 NW2d 269 (2005). We review issues of law, including the interpretation and application of court rules and constitutional issues, de novo. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009); *Champion v Secretary of State*, 281 Mich App 307, 309; 761 NW2d 747 (2008). We review for an abuse of discretion a trial court's decision on a motion to set aside a default and whether to grant a default judgment. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009).

The United States and Michigan Constitutions provide for a privilege against self-incrimination. US

Const, Am V; Const 1963, art 1, § 17. "The privilege against self-incrimination under the Michigan Constitution is no more extensive than the privilege afforded by the Fifth Amendment of the United States Constitution." *Phillips v Deihm*, 213 Mich App 389, 400; 541 NW2d 566 (1995). The privilege allows a person to decline to testify against himself or herself during a criminal trial in which the person is a defendant. *Allen v Mich Basic Prop Ins Co*, 249 Mich App 66, 74; 640 NW2d 903 (2001). It also allows a person " 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' " *Id.*, quoting *Phillips*, 213 Mich App at 400. A person may invoke the privilege despite the fact that criminal proceedings have not been instituted or even planned. *People v Guy*, 121 Mich App 592, 609-610; 329 NW2d 435 (1982).

Our Supreme Court has long recognized that "a defendant may not be required in his answer to state facts which would tend to criminate" him. *People ex rel Moll v Danziger*, 238 Mich 39, 44; 213 NW 448 (1927). Nonetheless, although the constitutional privilege against self-incrimination must be protected, the constitutional right of a plaintiff in a civil case to have his day in court must also be protected. *Id.* at 48. "The assertion of a constitutional right should not deprive a party of his day in court. If it did, a constitutional right is but a shadow and its assertion only serves to ensnare the one asserting it." *Id.* at 50. For this reason, our Supreme Court has held that a defendant in a civil action may assert the privilege against self-incrimination in the answer to the complaint when he or she believes that responding to particular paragraphs or allegations in the complaint calls for an incriminating response. *Id.* at 51; see also *Albert v*

*Chambers,* 335 Mich 111, 115-116; 55 NW2d 752 (1952) (citing *Danziger*). The Court, however, was careful to note that a defendant "is not the sole judge" of determining whether an allegation in a complaint calls for an incriminating response. *Danziger,* 238 Mich at 51. The Court stated:

> When a question is propounded (a question which the witness declines to answer upon the ground that it may tend to criminate him) it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege which is secured to him by law. If a direct answer to it may criminate himself, then he must be the sole judge [of] what his answer would be. The court cannot participate with him in this judgment, because they cannot decide on the effect of his answer without knowing what it would be; and a disclosure of that fact to the judges would strip him of the privilege which the law allows, and which he claims. It follows necessarily, then, from this statement of things, that, if the question be of such a description that an answer to it may or may not criminate the witness, according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not. If, in such a case, he say upon his oath that his answer would criminate himself, the court can demand no other testimony of the fact. [*Id.* (quotation marks and citation omitted).]

Although a defendant in a civil action may raise the privilege against self-incrimination in his or her answer to the complaint, we have not discovered any Michigan law excusing a defendant who invokes the privilege from filing an answer. To the contrary, our Supreme Court's opinion in *Danziger* suggests that the invocation of the privilege does not excuse the obligation to file an answer. See *id.* at 48 ("The constitutional rights of the defendant must be protected, but the constitutional

rights of the plaintiff to his day in court must likewise be protected."). The Court indicated that in its *"answer* defendant may assert its constitutional right to decline to answer such paragraphs . . . as call for an answer which . . . violates such rights." *Id.* at 51 (emphasis added). The *Danziger* Court's statement suggests that a defendant must answer the complaint paragraph for paragraph, asserting the privilege when he or she feels it is necessary.

The United States Court of Appeals for the Fourth Circuit directly addressed this issue in *North River Ins Co v Stefanou*, 831 F2d 484 (CA 4, 1987). The court noted that the privilege against self-incrimination applies at the pleading stage of civil actions. *Id.* at 486. It emphasized that "a proper invocation of the privilege [does not] mean that a defendant is excused from the requirement to file a responsive pleading." *Id.* Rather, a defendant "is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest." *Id.* The court also stated that the "strategy" used by a defendant to invoke the privilege against self-incrimination cannot "effectively [negate] a fair balancing of his interests against the interests of those pursuing a claim against him, and the interests of society in the expeditious resolution of litigation." *Id.* As for the effect of a defendant's invocation of the privilege in an answer to the complaint, federal appellate courts have held that a defendant's proper invocation of the privilege in an answer is treated as a specific denial. See, e.g., *Rogers v Webster*, 776 F2d 607, 611 (CA 6, 1985); *Nat'l Acceptance Co of America v Bathalter*, 705 F2d 924, 929 (CA 7, 1983).

We agree with the federal courts that have addressed this issue and hold that a defendant desiring to invoke the privilege against self-incrimination at the pleading

stage of a civil action is not excused from filing a timely answer to the complaint unless otherwise provided by law. A defendant must answer the allegations in the complaint that he or she can and make a specific claim of privilege to the rest. A defendant's proper invocation of the privilege in an answer will be treated as a specific denial.

In this case, defendant did not file an answer to plaintiff's complaint within 21 days after being served with the summons and complaint. Rather, defendant moved for an evidentiary hearing and a stay of the proceedings, asserting that his responses to the complaint could be self-incriminating. Defendant's failure to invoke the privilege against self-incrimination in an answer to plaintiff's complaint was an improper invocation of the privilege. See *Danziger*, 238 Mich at 48-51; *North River Ins Co*, 831 F2d at 486.

Moreover, defendant's failure to answer the complaint violated MCR 2.108(A)(1). Defendant argues that his motion for an evidentiary hearing and a stay of the proceedings constituted "other action permitted by law" under MCR 2.108(A)(1). MCR 2.108(A)(1) requires a defendant to "serve and file an answer or take other action permitted by law or [the Michigan Court Rules] within 21 days after being served." But defendant has not provided us with any legal basis on which to conclude that filing a motion for an evidentiary hearing and a stay of the proceedings constitutes other action permitted by law under the court rule. Other than a motion to extend the time for filing an answer under MCR 2.108(E), this Court has recognized only certain actions as altering the time for filing an answer, such as motions for summary disposition under MCR 2.116, to strike, and for a more definite statement. MCR 2.108(C)(1) and (4); *Belle Isle Grill Corp v Detroit*, 256

Mich App 463, 470-471; 666 NW2d 271 (2003) (citation omitted). This Court has characterized such motions as "attacks on the pleadings." *Belle Isle Grill*, 256 Mich App at 470. A motion for an evidentiary hearing and a stay of the proceedings does not attack a pleading. Therefore, we are not persuaded that such a motion is sufficient to extend the time for answering the complaint.

Defendant further argues that the default was improperly entered because he "otherwise defend[ed]" himself under MCR 2.603(A)(1) by filing the motion for an evidentiary hearing and a stay of the proceedings. A court clerk must enter a default "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." MCR 2.603(A)(1). This Court has previously interpreted MCR 2.603(A)(1) as meaning that a party must not be defaulted if the party pleads or, as an alternative to filing a responsive pleading, otherwise defends the action. In *Marposs Corp v Autocam Corp*, 183 Mich App 166, 168; 454 NW2d 194 (1990), the defendant filed motions for summary disposition and a change of venue. The trial court denied both motions. *Id.* The defendant filed an application for leave to appeal the court's denial of its motion for a change of venue but not the denial of its motion for summary disposition. *Id.* The defendant did not file an answer and was defaulted. *Id.* This Court held that the defendant was required to file a responsive pleading within 21 days after the denial of its motion for summary disposition under MCR 2.108(A)(1), which it had not done. *Id.* at 168-169. Nonetheless, the trial court erred by concluding that the defendant was properly defaulted. *Id.* at 170. The defendant otherwise defended itself under MCR 2.603(A)(1) by its actions. *Id.*

We conclude, however, that defendant's motion for an evidentiary hearing and a stay of the proceedings cannot be characterized as otherwise defending an action under MCR 2.603(A)(1). Defendant has not provided us with any legal basis for such a conclusion. Furthermore, the essence of defendant's motion was not defensive; rather, the essence of the motion was to postpone the proceedings indefinitely, i.e., for as long as the possibility that he could be criminally indicted existed. Nothing in defendant's motion demonstrated that he was intending to defend or was defending the action. Finally, defendant's suggestion that he defended himself by raising self-incrimination concerns in his motion fails because, as articulated earlier, the proper method for invoking the privilege against self-incrimination is through a responsive pleading.

Defendant did not file an answer as required by MCR 2.108(A)(1), and his motion for an evidentiary hearing and stay of the proceedings did not constitute other action permitted by law or a defense to the action. Therefore, we must conclude that defendant was properly defaulted.

IV

Under some circumstances, a default may be set aside, even when it was initially properly entered. But we cannot conclude that the trial court in this case abused its discretion by declining to set aside the default and granting plaintiff a default judgment. As indicated, we review for an abuse of discretion a trial court's decision on a motion to set aside a default and whether to grant a default judgment. *Saffian*, 477 Mich at 12. " '[A]lthough the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside

defaults and default judgments that have been properly entered.' " *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008), quoting *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). When there has been a valid exercise of the trial court's discretion, "appellate review is sharply limited." *Alken-Ziegler*, 461 Mich at 227.

Under MCR 2.603(D)(1), "[a] motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown *and* an affidavit of facts showing a meritorious defense is filed." (Emphasis added.) Our Supreme Court has recognized that " 'good cause' and a 'meritorious defense' are separate requirements that may not be blurred and that a party must have both," but "trial courts should base the final result on the totality of the circumstances." *Shawl*, 280 Mich App at 237.

> Good cause can be shown by: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. [*Id.* at 221 (quotation marks and citations omitted).][1]

---

[1] The *Shawl* Court held that in determining whether a party has shown good cause, the trial court should consider the relevant factors from the following nonexhaustive list of factors:

(1) [W]hether the party completely failed to respond or simply missed the deadline to file;

(2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

(3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

While courts of this state have indicated that establishing "manifest injustice" is a third way to show good cause, see, e.g., *Shawl* and the cases cited therein,[2] our Supreme Court has attempted to clarify the manifest-injustice factor of the good-cause test, stating:

> "The first two prongs of the Honigman & Hawkins[3] 'good cause' test are unremarkable and accurately reflect our decisions. It is the third factor, 'manifest injustice,' that has been problematic. The difficulty has arisen because, properly viewed, 'manifest injustice' is not a discrete occurrence such as a procedural defect or a tardy filing that can be assessed independently. Rather, manifest injustice is the result that would occur if a default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements of the court rule. When a party puts forth a meritorious defense and then attempts to satisfy 'good cause' by showing (1) a procedural irregularity or defect, or (2) a reasonable excuse for failure to comply with the requirements that created the default, the strength of the defense obviously will affect the 'good cause' showing that is necessary. In other words, if a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent a manifest injustice." [*Id.* at 235, quoting *Alken-Ziegler*, 461 Mich at 233-234.]

---

 (5) the circumstances behind the failure to file or file timely;

 (6) whether the failure was knowing or intentional;

 (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

 (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

 (9) if an insurer is involved, whether internal policies of the company were followed. [*Shawl*, 280 Mich App at 238-239.]

 [2] *Id.* at 221 & n 10, 229-230.

 [3] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), comment 7, p 662 (discussing GCR 1963, 520.4).

MCR 2.603(D)(1) requires an affidavit of facts establishing a meritorious defense. The purpose of an affidavit of meritorious defense is to inform the trial court whether the defaulted defendant has a meritorious defense to the action. *Cramer v Metro Savings Ass'n (Amended Opinion)*, 136 Mich App 387, 398; 357 NW2d 51 (1983). Such an affidavit requires the affiant to have personal knowledge of the facts, state admissible facts with particularity, and show that the affiant can testify competently to the facts set forth in the affidavit. *Miller v Rondeau*, 174 Mich App 483, 487; 436 NW2d 393 (1988).[4]

In regard to a showing of good cause, defendant did not in this case specifically assert that a substantial defect or irregularity in the proceedings existed or that he had a reasonable excuse for failing to file a timely answer to the complaint. Rather, in his motion to set aside the default, defendant argued that "manifest injustice would result if the default were allowed to stand because Defendant would not have been given a fair opportunity to litigate and/or respond to the Plaintiff's complaint." Defendant also stated that his motion for an evidentiary hearing and a stay of the proceedings constituted other action permitted by law under MCR 2.108(A)(1) and a defense to the action under MCR 2.603(A)(1). But, as explained, there was no legal basis

---

[4] In determining whether a party has a meritorious defense, the trial court should consider, when relevant, whether the affidavit contains evidence that

(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

(2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl*, 280 Mich App at 238-239.]

on which defendant could have concluded that his motion could be characterized as an action permitted by law that extended the time for filing an answer or that it constituted a defense. Further, Michigan law permitted defendant to invoke the constitutional privilege against self-incrimination in an answer to the complaint. See *Danziger*, 238 Mich at 51. Given that defendant could have invoked the privilege in an answer, it is not unreasonable to say that no manifest injustice would result from permitting the default to stand. Accordingly, we cannot conclude that the trial court abused its discretion by holding that defendant failed to show good cause for not filing an answer.

Furthermore, even if defendant's reading of the law at the time this case commenced could be construed as a reasonable excuse for failing to file an answer, the trial court did not abuse its discretion by holding that defendant failed to submit an affidavit of facts establishing a meritorious defense. Although defendant submitted a document entitled affidavit of meritorious defense with his motion to set aside the default, the affidavit did not provide the trial court with any particular facts establishing a meritorious defense. See *Miller*, 174 Mich App at 487. Rather, defendant simply asserted that he had a meritorious defense because he disputed the amount of the debt owed to plaintiff. Merely contesting the amount of liability does not establish a meritorious defense. See *Pinto v Buckeye Union Ins Co*, 193 Mich App 304, 307; 484 NW2d 9 (1992) (stating that a defendant does not establish a meritorious defense where only the amount of liability is in dispute); *Novi Constr, Inc, v Triangle Excavating Co*, 102 Mich App 586, 590; 302 NW2d 244 (1980) (stating that a defendant's conclusive statement that it has a meritorious defense because it does not owe an alleged amount of money, without any factual basis for

the statement, is insufficient to establish a meritorious defense). Defendant failed to present any evidence, other than his own unsupported assertion, that he could defend against plaintiff's claim.[5]

Because defendant failed to establish both good cause and a meritorious defense, the trial court did not abuse its discretion by declining to set aside the default and granting plaintiff a default judgment.

Affirmed.

BECKERING, P.J., and WHITBECK and M. J. KELLY, JJ., concurred.

---

[5] While it may be arguable in some cases that requiring a defendant to submit an affidavit of meritorious defense alleging specific facts would infringe on the constitutional privilege against self-incrimination, defendant has not raised such an argument, either before the trial court or now on appeal. Therefore, we decline to address it.