# STATE OF MICHIGAN

# COURT OF APPEALS

FELLOWSHIP INSTITUTIONAL CHURCH,

        Plaintiff/Counter-Defendant-
        Appellant,

v

ACE ACADEMY,

        Defendant/Counter-Plaintiff-
        Appellee,

and

CENTRAL MICHIGAN UNIVERSITY,
SPECTRUM JUVENILE JUSTICE SERVICES,
and EDTEC CENTRAL LLC,

        Defendants.

UNPUBLISHED
December 10, 2015

No. 323123
Wayne Circuit Court
LC No. 13-002074-CK

---

Before: MURRAY, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

        Plaintiff appeals as of right from a July 21, 2014, judgment granted in favor of defendant Ace Academy (hereinafter "defendant") and stating that defendant was entitled to summary disposition. We affirm.

        Plaintiff and defendant entered into a lease through which defendant leased portions of a building owned by plaintiff for three years. Defendant intended to operate a school from the leased premises. Defendant represents that it prepaid plaintiff 9 months' rent and a one-month security deposit (at around $5000 a month), totaling $50,750. It also paid about $22,000 for architectural designs for the renovation of the property. However, before renovations were completed and defendant began to occupy the property, defendant discovered flooding in the basement of the building. The basement was not part of the leased premises. Issues arose regarding the detection of mold in the basement, and defendant never moved in.

-1-

In February 2013, plaintiff brought this action for breach of the parties' lease agreement. Plaintiff alleged that defendants breached the lease by failing to make rental payments and claimed that defendants owed it $139,750 for unpaid rent.

On May 21, 2013, defendant filed an answer and affirmative defenses to plaintiff's complaint, together with a counter-complaint. Defendant's counter-complaint addressed the parties' dealings regarding the mold issue and alleged claims for damages based on a constructive eviction and the creation of a nuisance. Defendant asserted that despite assurances by plaintiff's pastor that the mold problem would be properly addressed and remediated, plaintiff did not solve the problem. Defendant alleged that it could not use the property for the purposes for which it had been leased and that on July 13, 2012, it notified plaintiff of its position that it had been constructively evicted from the property. Defendant sought damages of $73,101.16.

Plaintiff did not file an answer to defendant's counter-complaint within the required 21 days. On June 26, 2013, defendant requested entry of a default against plaintiff with regard to the counter-complaint and a judgment of $73,101.16 in damages and $500 in attorney fees. The court entered the default on June 26, 2013.

Plaintiff filed an answer to defendant's counter-complaint on July 1, 2013. It obtained new counsel and moved to set aside the default on July 23, 2013. On July 24, 2013, defendant moved for entry of a default judgment.

In its motion to set aside the default, plaintiff explained that its former counsel inadvertently failed to file a response to the counterclaim because the counterclaim addressed issues of setoff or the duty to mitigate, both of which defendant raised as affirmative defenses. Plaintiff asserted that defendant's counterclaim was inappropriate because it reiterated the affirmative defenses. It argued that it was not required to answer that counterclaim. It also asserted that it would be appropriate to grant it relief from judgment due to mistake, inadvertence and excusable neglect. Plaintiff asserted that it had an affirmative defense to defendant's counter-complaint. It argued that it was entitled to a setoff of any deficiency owed. Plaintiff requested that the court set aside the default and dismiss defendant's counterclaim.

The court held a hearing on the parties' motions on August 9, 2013. Plaintiff's counsel explained plaintiff's position that defendant's counterclaim was for a setoff, and when asked why its former counsel did not answer the counter-complaint, she stated that plaintiff's former attorney viewed the answer as procedurally irregular. She argued that the counter-complaint "pleads the same exact things duplicative to what is raised in the affirmative defenses." She asserted that defendant used the counter-complaint as a tactic to unnecessarily enlarge the litigation. Plaintiff argued that defendant might be entitled to a setoff, but that the issue should be litigated.

Defendant pointed out that it asserted one affirmative defense—mitigation of damages—and alleged a claim for constructive eviction. Defendant argued that there was no procedural irregularity. It asserted that the failure of plaintiff's former counsel to answer the complaint constituted malpractice, not a basis for setting aside the default.

The court agreed with defense counsel. It noted that defendant was entitled to assert the counterclaim, that counsel failed to answer it and that the court entered a default. It pointed out that plaintiff was required to establish good cause to set aside the default and stated that plaintiff had failed to meet that standard.

Plaintiff then requested that the court hold an evidentiary hearing on the issue of damages. It asserted that manifest injustice would occur through the court's entry of a default judgment in the amount pleaded by defendant. The court rejected this request.

In an order entered September 6, 2013, the court denied plaintiff's motion to set aside entry of the default. Plaintiff moved for reconsideration of the September 6, 2013, order. It requested that the court set aside the default pursuant to MCR 2.612(C)(1)(f). Plaintiff's counsel asserted that she was unaware that during the pertinent period, plaintiff's former counsel, Andre Poplar, had been ill and was in and out of the hospital. She noted that former counsel visited a hospital emergency room for chest pains and dizziness on April 19, May 11 and May 24, 2013. Plaintiff represented that Poplar was directed to slow down and rest so as to avoid a heart attack, and he began to do so. Plaintiff supported its motion with Poplar's medical records and an affidavit. The court denied plaintiff's motion for reconsideration.

In a second order, entered October 23, 2013, the court entered a default judgment for a total of $73,601.16,[1] against plaintiff and in defendant's favor.

Defendant then moved for summary disposition of plaintiff's complaint. The motion was based on plaintiff's failure to answer defendant's counterclaim. Defendant argued that, under Michigan law, this was an admission of all well-pleaded allegations. Defense counsel stated: "So therefore, the plaintiff has admitted that there was mold, that they did not remediate, and that it prevented [defendant] from using the facility for the purposes for which" it was leased. Plaintiff replied, in part, that even if the default judgment dealt with liability, the issue of damages remained open. The trial court indicated that it agreed with defendant's argument and stated simply that "the [c]ourt is going to grant the motion for summary disposition."

On appeal, plaintiff argues that the trial court erred in failing to set aside the default and in granting the default judgment.

This Court reviews for an abuse of discretion the trial court's decision on a motion to set aside a default. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 389; 808 NW2d 511 (2011). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Bronson Methodist Hosp v Home-Owners Ins Co*, 295 Mich App 431, 442; 814 NW2d 670 (2012).

Generally, the law favors a determination of claims on the merits. *Huntington Nat'l Bank*, 292 Mich App at 389. However, there exists a policy against setting aside a properly

---

[1] This amount included $500 for attorney fees; the lease provided that attorney fees would be granted to the "prevailing party" in a dispute.

entered default. *Id*. at 389-390. Under MCR 2.603(D)(1), except in cases involving a lack of jurisdiction over the defendant, a court shall grant a motion to set aside a default only if the moving party shows good cause and files an affidavit of facts that shows a meritorious defense. A party may demonstrate good cause by showing "a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default . . . ." *Bullington v Corbell*, 293 Mich App 549, 561; 809 NW2d 657 (2011) (citations and quotation marks omitted).

The court found the default proper because plaintiff failed to file an answer to the counter-complaint within 21 days as required by MCR 2.108(A)(4). Entry of the default was proper under MCR 2.603(A)(1).

Plaintiff's assertion that defendant's counter-complaint was a procedural irregularity is unconvincing. Defendant was permitted to state its own claim. See, e.g., MCL 600.2918 (dealing with, among other things, claims for constructive eviction). It also asserted plaintiff's failure to mitigate damages as an affirmative defense. The trial court properly rejected plaintiff's suggestion that this affirmative defense encompassed a claim for constructive eviction.

Plaintiff also asserts that the default should have been set aside due to Poplar's health problems, which it asserts provided an excuse for his failure to timely file plaintiff's answer to the counter-complaint. First, this issue was not raised until plaintiff's motion for reconsideration. In addition, defendant filed its counter-complaint on May 21, 2013, and Poplar's last trip to the emergency room was on May 24, 2013. Poplar stated that he was focusing on his health and decided to wind up his private practice. However, he provided nothing to demonstrate that after his May 24, 2013, hospital visit, he was incapacitated to the point that he was unable to provide adequate representation to his clients or at least to advise them to seek a different attorney. In his affidavit he stated that "I have always actively and zealously been involved in this case despite my recent illness." In addition, in his affidavit he explicitly stated that he had "deemed [the counterclaim] to be improper and [concluded] that a response was not needed." We cannot conclude that the trial court abused its discretion in rejecting these reasons as justifying plaintiff's failure to answer the counter-complaint.

Plaintiff failed to demonstrate good cause for its failure to answer the counter-complaint and the trial court did not err in its rulings.

Plaintiff next argues that the trial court erred in failing to hold an evidentiary hearing on damages. We disagree.

MCR 2.603(B)(3)(b)(ii) provides that where a court finds that it is necessary to determine the amount of damages in order to enter a default judgment, "the court may conduct hearings or order references it deems necessary and proper" and allow a jury trial to the extent it is constitutionally required. Defendant's allegations in its pleadings regarding damages were based on the amount of rent and security deposit it prepaid plaintiff ($50,750) and the amount it spent

on architectural drawings for the remodeling of plaintiff's building ($22,351.16).[2]  Where plaintiff did not file a demand for trial by jury and where plaintiff has failed to explain the possible basis for any discrepancies in these amounts, it has simply not demonstrated that an evidentiary hearing on damages was "necessary."  *Id.*

Plaintiff lastly argues that the trial court should not have granted summary disposition with regard to plaintiff's complaint.  This argument is patently without merit in light of the default and default judgment.  Indeed, as noted in *Wood v Detroit Auto Inter-Ins Exchange*, 413 Mich 573, 578; 321 NW2d 653 (1982) mod on other grounds *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008), "It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue."  As such, plaintiff admitted by default that there was mold, that it failed to remediate the mold issue, and that defendant had been constructively evicted because it was unable to use the property for the purposes for which it had been leased.  This rendered plaintiff's complaint non-viable.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

[2] Defendant also filed a "default request & affidavit" setting forth $500 as attorney fees.