*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEROY HENRY,

        Plaintiff-Appellant,

UNPUBLISHED
January 12, 2023

v

No. 359624
Wayne Circuit Court
LC No. 19-008374-NO

BOARD OF DIRECTORS OF GETHSEMANE
BAPTIST CHURCH and JOHN EDWARD
DUCKWORTH,

        Defendants-Appellees.

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order dismissing with prejudice his case against defendants. Plaintiff also challenges the trial court's earlier order granting defendants' motion to set aside a default. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In June 2019, plaintiff, acting *in propria* persona, filed a complaint against defendants, alleging that defendant John Duckworth (Duckworth) had assaulted and battered him during a meeting at Gethsemane Baptist Church after plaintiff accused Duckworth of having an affair with his ex-girlfriend.[1] Plaintiff's complaint alleged that two other church officials were present during the meeting and restrained Duckworth. Plaintiff filed a proof of service indicating that Duckworth was personally served with plaintiff's complaint and summons on June 23, 2019. Defendants did not timely file an answer, and a default was subsequently entered.

---

[1] Although plaintiff's complaint does not explicitly allege that defendant Gethsemane Baptist Church is vicariously liable for Duckworth's actions, it does allege that Duckworth was an employee of Gethsemane Baptist Church at the time of the assault and that the assault took place on church property.

In August 2019, defendants moved to set aside the default, asserting that they had good cause not to file an answer because the complaint and summons had been placed in the same envelope with other legal documents served on Duckworth relating to a personal protection order (PPO) case that Duckworth had initiated against plaintiff. Defendants argued that Duckworth had mistakenly believed that the documents pertained only to the PPO action and had failed to notice that the complaint and summons in this matter were included with the PPO documents. Additionally, defendants argued that they possessed a meritorious defense; defendants submitted three affidavits, one from Duckworth and two from the other church officials who were present at the meeting, denying that Duckworth had assaulted plaintiff. Defendants also noted that the police report from the day in question did not mention any assault on plaintiff, but only that plaintiff had been asked to leave the church. The trial court granted defendants' motion to set aside the default, finding that defendants had established both good cause and a meritorious defense under MCR 2.603(D)(1).

A jury trial was scheduled for November 3, 2021, at 8:30 a.m.; however, plaintiff failed to appear. Forty-four minutes after the trial's scheduled start time, the trial court dismissed plaintiff's case with prejudice, stating: "[T]his matter was scheduled for trial to begin at 8:30 [a.m.]. May the record reflect it is now 9:14 [a.m.]. [Plaintiff] has failed to appear. He has not contacted the [c]ourt. At this time, I can only assume that [plaintiff] has abandoned this matter." Plaintiff moved the trial court for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's decision on a motion to set aside a default[.]" *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 384; 808 NW2d 511 (2011). "This Court reviews a trial court's exercise of its inherent authority for an abuse of discretion. *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016). We also "review a trial court's decision on a motion for reconsideration for an abuse of discretion." *Woods v SLB Prop Mgmt LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

## III. MOTION TO SET ASIDE THE DEFAULT

Plaintiff argues that the trial court abused its discretion when it granted defendants' motion to set aside the default. We disagree.

MCR 2.603(D)(1) governs the setting aside of a default or default judgment, and states: "A motion to set aside a default or default judgment, except when grounded on lack of personal jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." A defendant must demonstrate both good cause and a meritorious defense to set aside a default. *Saffian v Simmons*, 477 Mich 8, 14; 727 NW2d 132 (2007). "Our Supreme Court has recognized that good cause and a meritorious defense are separate requirements that may not be blurred and that a party must have both, but trial courts should base the final result on the totality of the circumstances." *Huntington Nat'l Bank*, 292 Mich App at 390 (quotation marks and citation omitted).

-2-

Good cause to set aside a default can be demonstrated by: "(1) a substantial irregularity or defect in the proceeding upon which the default is based, (2) a reasonable excuse for failure to comply with the requirements that created the default, or (3) some other reason showing that manifest injustice would result if the default is not set aside." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233; 600 NW2d 638 (1999). Our Supreme Court has stated regarding manifest injustice:

> [M]anifest injustice is the result that would occur if a default were to be allowed to stand where a party has satisfied the "meritorious defense" and "good cause" requirements of the court rule. When a party puts forth a meritorious defense and then attempts to satisfy "good cause" by showing (1) a procedural irregularity or defect, or (2) a reasonable excuse for failure to comply with the requirements that created the default, the strength of the defense obviously will affect the "good cause" showing that is necessary. In other words, if a party states a meritorious defense that would be absolute if proven, a lesser showing of "good cause" will be required than if the defense were weaker, in order to prevent a manifest injustice. [*Id*. at 233-234.]

Additionally, this Court in *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008), set forth several factors that a trial court should consider in determining whether a party has shown good cause to set aside a default:

> (1) whether the party completely failed to respond or simply missed the deadline to file;
>
> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;
>
> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;
>
> (4) whether there was defective process or notice;
>
> (5) the circumstances behind the failure to file or file timely;
>
> (6) whether the failure was knowing or intentional;
>
> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);
>
> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and
>
> (9) if an insurer is involved whether internal policies of the company were followed. [*Id*.]

In their motion and affidavits, defendants explained that the complaint and summons[2] regarding the assault claim were located in a package with other legal documents pertaining to the separate PPO action, and that Duckworth had mistakenly believed that the documents related only to the PPO action. While it is true that Duckworth had the responsibility to look through the documents he received, "the mere existence of negligence does not preclude a finding of good cause." *Huggins v Bohman*, 228 Mich App 84, 87; 578 NW2d 326 (1998). There was no evidence presented that defendants' failure to respond was intentional; further, defendants filed their motion to set aside the default just 11 days after plaintiff moved for the entry of a default judgment. Additionally, as we will discuss, defendants presented a strong meritorious defense supported by affidavits signed by three witnesses.

Because defendants established a strong meritorious defense, a lesser showing of good cause is required. See *Alken-Ziegler, Inc*, 461 Mich at 233-234. Based on the totality of the circumstances, the trial court could reasonably conclude that defendants had good cause to set aside the default because they presented a strong meritorious defense and a "reasonable excuse for failure to comply with the requirements which created the default[.]" *Alken-Ziegler, Inc*, 461 Mich at 233. Therefore, the trial court did not abuse its discretion when it determined that defendants had demonstrated good cause.

Similarly, the trial court did not abuse its discretion when it determined that defendants had demonstrated a meritorious defense.

> In determining whether a defendant has a meritorious defense, the trial court should consider whether the affidavit contains evidence that:
>
> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or
>
> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl*, 280 Mich App at 238.]

An affidavit of meritorious defense "requires the affiant to have personal knowledge of the facts, state admissible facts with particularity, and show that the affiant can testify competently to the facts set forth in the affidavit." *Huntington Nat'l Bank*, 292 Mich App at 392. Defendants' affidavits contained three witness statements asserting on personal knowledge that Duckworth did not assault plaintiff on the date in question. These affidavits established that defendants could present admissible evidence disproving plaintiff's claim. The trial court did not abuse its discretion

---

[2] Defendants contend they were never served with a summons. Instead, they were served with plaintiff's complaint and other documents related to the PPO action between plaintiff and Duckworth. However, the proof of service indicates that defendants were personally served with the complaint and summons on June 23, 2019.

when it determined defendants had demonstrated a meritorious defense. See *Smith*, 481 Mich at 526.

Because defendants demonstrated both good cause and a meritorious defense in support of their motion to set aside the default, the trial court did not abuse its discretion when it granted defendants' motion. See MCR 2.603(D)(1); see also *Saffian*, 477 Mich at 14.

## IV. DISMISSAL

Plaintiff also argues that the trial court abused its discretion by dismissing his case. We disagree. We note that although plaintiff's brief on appeal states in the list of questions presented that the trial court's dismissal of the case was an abuse of discretion, plaintiff does not present any argument concerning this issue. Rather, plaintiff argues that he missed "a motion hearing because he had been involved in an auto accident. When he informed the court, and offered to submit documentation to the court confirming the accident, the trial court refused to seriously consider it." Plaintiff further argues that the trial court "would not seriously consider Appellant's medical documentation but instead simply dismissed the lawsuit." The record shows, however, that plaintiff failed to appear for trial and did not call or otherwise notify the court regarding his absence until the following evening, when plaintiff left a voice message with the trial court at 7:55 p.m. stating that he had COVID-19 and had had a seizure; the message did not mention a car accident. In moving for reconsideration, plaintiff asserted, for the first time, that he had been in a car accident the morning of trial. In support of this claim, plaintiff submitted an auto clinic receipt and a medical record. There was no documentation submitted by plaintiff, medical or otherwise, for the trial court to consider *before* dismissing plaintiff's case on the first day of trial, and plaintiff makes no other argument that the trial court erred by initially dismissing his case. We therefore consider that argument abandoned. See *Traverse City Record-Eagle v Traverse City Area Pub Schs Bd of Educ*, 337 Mich App 281, 296; 975 NW2d 104 (2021) ("An appellant may not merely announce his or her position and leave it to this Court to discover and rationalize the basis for his or her claims. When a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned.") (citations and quotation marks omitted).

To the extent plaintiff's statements can be taken as arguing that the trial court abused its discretion by denying his motion for reconsideration, we again disagree.

MCR 2.119(F)(3) states:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The documentation plaintiff submitted to the trial court with his motion for reconsideration does not demonstrate a palpable error by which the court and the parties had been misled. Plaintiff's motion for reconsideration asserted that plaintiff was "involved in a hit-and-run car accident while en route to the hearing," that the "the tow truck receipt confirms that his car had to be towed and

was not operable," that he had attached "a note from his doctor to verify that the accident occurred," and that a police report existed for the accident but was "not yet available."

However, not only was this version of events inconsistent with plaintiff's November 4, 2021 voice message to the trial court (omitting any mention of a car accident and asserting that his failure to appear was due to his having COVID-19 and having had a seizure), but the medical documentation attached by plaintiff stated that the date of his medical examination was November 2, 2021, not the hearing date of November 3.[3] In the signature block of the document, the handwritten date "11-8-21" appears. The document lacks any specific information concerning a car accident and does not indicate in any event that plaintiff was so incapacitated on November 3, 2021 that he was unable to even call the court to inform them of what had allegedly happened; in fact, in the section of the form entitled "Activity Restrictions (if any)," the word NO is written and circled. The auto clinic receipt does indicate that it was prepared at 8:15 AM on November 3, 2021. However, the document is not on its face a receipt for towing services, but merely indicates that plaintiff's car "was towed in for Accident" at some point prior. Again, it also does not indicate why plaintiff was unable to inform the court of what had allegedly happened; in fact, it appears that plaintiff signed the portion of the receipt authorizing repair work to be done on the vehicle.

In *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006), our Supreme Court "affirm[ed] the authority of trial courts to impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice." The *Maldonado* Court stated:

> We reiterate that trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action. This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. [*Id*. at 376 (citations omitted).]

"A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). However, "[d]ismissal is a drastic step that should be taken cautiously. Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*. (citation omitted). "The trial court must also explain its reasons for dismissal on the record in order to allow for meaningful appellate review." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 9. This Court in *Swain v Morse*, 332 Mich App 510, 524; 957 NW2d 396 (2020), explained a trial court should consider the following *Vicencio*[4] factors before dismissing a case:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with

---

[3] The documentation also reflected an indecipherable hand-written notation that is followed by the handwritten date "11-3-2021."

[4] *Vicencio*, 211 Mich App at 507.

other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.*]

In denying plaintiff's motion for reconsideration, the trial court stated in relevant part:

Now, in your motion for reconsideration, you indicate the reason that you failed to appear was that you were on your way to the hearing and was [sic] involved in a hit and run accident in route to the hearing. You make no mention of having Covid-19. You make no mention of having a seizure and being unable to appear, yet you called the court on the following day, November 4, 2021, at 7:55 PM, to advise the [c]ourt that the reason you didn't appear for the trial was that you had Covid-19 and you had a seizure. Makes no mention of having a motor vehicle accident or having your vehicle towed. . . . [Y]ou called the next day, which is November 5, 2021, at 10:50 AM and, again, you indicated that you were gonna [sic] file a motion to reinstate and that you had a seizure and you had Covid-19 and that was the reason you couldn't come in. . . . The [c]ourt finds that you have failed to demonstrate good cause for the [c]ourt to reinstate your case. Your day in court was scheduled for November 3rd and you failed to appear and I am not convinced that you have presented good cause for the [c]ourt to reinstate your case. So, for those reasons, the [c]ourt is going to deny your motion . . . to reconsider and to reinstate your case.

Although the trial court did not explicitly refer to the *Vicenzio* factors, it is clear that the trial court concluded that plaintiff's violation was not accidental; further, it clearly found plaintiff's efforts to "cure the defect" by explaining his absence to be unconvincing. Further, the record shows that plaintiff had failed to comply with previous discovery orders concerning mediation and the production of medical records. Further, the prejudice to defendants was high; defendants appeared ready to conduct not only a *Daubert* hearing regarding plaintiff's proposed medical experts but also a jury trial, only to find plaintiff absent. On this record, we conclude that the trial court sufficiently articulated its reasons for dismissal to allow for appellate review. *Gueye*, ___ Mich App at ___; slip op at 9. Further, plaintiff did not demonstrate a palpable error, and the trial court therefore did not abuse its discretion by denying plaintiff's motion for reconsideration. *Woods*, 277 Mich App at 629.

Affirmed.[5]

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[5] Plaintiff also asserts in his brief on appeal that "the trial judge displayed a clear predilection against the Appellant" and that "[a] reasonable argument could be made that the trial court ruled against the Appellant simply because he was a pro se litigant." To the extent these statements were intended to present an argument concerning judicial bias, plaintiff has not supported such and argument with either facts or law, and we consider it abandoned. See *Traverse City Record-Eagle*, 337 Mich App at 296.